LUIS A. CARRILLO, Esq. SBN 70398
MICHAEL S. CARRILLO, Esq. SBN 258878
**CARRILLO LAW FIRM, LLP**
1499 Huntington Drive, Suite 402
 South Pasadena, CA 91030
Tel: (626) 799-9375
Fax: (626) 799-9380

Attorneys for Plaintiff
NICOLE JUAREZ ZELAYA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NICOLE JUAREZ ZELAYA, Individually and as Successor-In-Interest to Decedent, JACOBO JUAREZ CEDILLO,** | **CASE NO:  2:20-cv-8382** |
| | **FIRST AMENDED COMPLAINT FOR DAMAGES:** |
| **Plaintiff,** | **1. Fourth Amendment Violation of Federal Civil Rights -- Excessive Use of Force (42 U.S.C. § 1983)** |
| **vs.** | **2. Municipal Liability -- Ratification of Civil Rights Violations (42 U.S.C. § 1983)** |
| **CITY OF LOS ANGELES; OFFICER DUSTIN RICHMOND as Doe 1, OFFICER JOSEPH HUNT as Doe 2 and DOES 3 THROUGH 10, Inclusive,** | **3. Municipal Liability for Inadequate Training (42 U.S.C. § 1983)** |
| | **4. Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)** |
| **Defendants.** | **[DEMAND FOR JURY TRIAL]** |

## COMPLAINT FOR DAMAGES

Plaintiff NICOLE JUAREZ ZELAYA, individually, and as successor-in-interest of Decedent, JACOBO JUAREZ CEDILLO, files the instant Complaint against Defendants CITY OF LOS ANGELES, OFFICER DUSTIN RICHMOND, OFFICER JOSEPH HUNT and DOES 3-10, inclusive, herein alleges as follows:

## JURISDICTION AND VENUE

1.      This civil action is brought to redress violations of the Fourth and Fourteenth Amendments of the United States Constitution as protected by 42 U.S.C. §§ 1983. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in and all incidents, events, and occurrences giving rise to this action occurred in the County of Los Angeles, State of California, which is located in this Central District of California.

## II.

## PARTIES

2.      Jacobo Juarez Cedillo (hereinafter "Decedent") is the Decedent.  Mr. Cedillo died on April 13, 2019.  At all relevant times, Plaintiff NICOLE JUAREZ ZELAYA was and is a resident of the State of Washington.

3.      Plaintiff NICOLE JUAREZ ZELAYA (Plaintiff "Zelaya") is the decedent's biological daughter and brings survival claims in a representative capacity on the Decedent's behalf as his lawful successor-in-interest pursuant to California Code of Civil Procedure § 377.30 and § 377.60. Plaintiff Zelaya also brings claims on her own behalf in her individual capacity for the wrongful death of her father.

4.      Defendant CITY OF LOS ANGELES ("CITY") is, a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Los Angeles Police Department and its agents and employees.  At all

relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of California.  At all relevant times, Defendant CITY was the employer of Defendants Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10. The Los Angeles Police Department ("LAPD") was and is a subdivision of CITY.

5.    At all times relevant hereto, Defendants City of Los Angeles Police Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10, were residents of Los Angeles County, and at all times mentioned herein were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, and customs, of the Los Angeles Police Department, and under the color of the statutes, regulations, and laws of the State of California. Said Defendants were acting within their capacity as employee, agent, representative, and servant of the Defendant CITY.

6.    Defendants City of Los Angeles Police Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10, as duly sworn peace Officers, were specifically authorized by Defendant CITY to perform the duties and responsibilities of sworn Police Officers and law enforcement Officers of the LAPD, and all acts hereinafter complained of were performed by each of them within the course and scope of their duties as Los Angeles Police Officers for Defendant CITY. Defendants City of Los Angeles Police Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10 are also sued herein in their individual capacity and in their official capacity as peace Officers of the LAPD. Defendant CITY and the LAPD encouraged, assisted, ratified and/or with deliberate indifference failed to prevent all of the acts and omissions complained of herein.

7.    The true names, identities or capacities, whether individual, associate, of defendants DOES 3-10, inclusive, are unknown to Plaintiff at this time, who therefore sues said defendants by such fictitious names. Plaintiff alleges that each of the defendants sued herein as a DOES are legally responsible for the events and happenings that caused

the Decedent's death. Plaintiff will amend the complaint to name the DOE Defendants when their true names and identities discovered. All of the acts complained of herein by Plaintiff against DOE Defendants were done and performed by said Defendants by and through their servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said service, and/or employment capacity; and Defendants ratified all of the acts and omissions of each and every other Defendant.

8.     At all times mentioned herein, each and every Defendant was the agent and/or employee of each other acting within the scope and purpose of said agency and employment and under color of law.

### III.

### FACTS COMMON TO ALL CAUSES OF ACTION

9.     Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth herein in this cause of action.

10.     On April 8, 2019, Decedent was peacefully <u>sitting in the driveway</u> of a Van Nuys gas station and Decedent was approached by LAPD Officer Dustin Richmond and Officer Joseph Hunt. Decedent had <u>not</u> committed a crime, Decedent was <u>not</u> suspected of committing a crime, Decedent was <u>not</u> in the act of committing a crime when he was approached by Defendant Officer Dustin Richmond and Officer Joseph Hunt. Immediately after approaching Decedent, Officer Dustin Richmond and Officer Joseph Hunt placed handcuffs on Decedent even though Decedent did <u>not</u> pose any threat to Officer Dustin Richmond and Officer Joseph Hunt. Initially, Decedent was very cooperative with Officer Dustin Richmond and Officer Joseph Hunt, and Decedent was talking to Officer Dustin Richmond and Officer Joseph Hunt. Decedent answered multiple questions that Officer Dustin Richmond and Officer Joseph Hunt asked him. Decedent even said to Officer Dustin Richmond and Officer Joseph Hunt, "***Hey amigo, I'm homeless***." But then Decedent became incoherent, agitated, and Decedent was in an altered mental state, or having a mental crisis. Officer Dustin Richmond and Officer

FIRST AMENDED COMPLAINT FOR DAMAGES

Joseph Hunt did <u>not</u> contact the Mental Evaluation Unit after Decedent became incoherent, and was in an altered mental state. Instead Officer Dustin Richmond and Officer Joseph Hunt forcefully took Decedent to the ground. DOES 3-10 also arrive and DOE 3 "hog-tied" Decedent's legs with a hobble restraint on his legs.

11.    While Decedent was in an altered mental state, Officer Dustin Richmond and Officer Joseph Hunt restrained Decedent in a <u>prone position</u>, face down in the street with his face pressed against the pavement. While Decedent was restrained in a prone position for more than 4 minutes, <u>Officer Dustin Richmond and Officer Joseph Hunt used their body weight to hold Decedent on the ground for more than 4 minutes. DOE 4, a Sergeant, arrived and did not intervene to stop the prone restraint</u>.

12.    Officer Dustin Richmond and Officer Joseph Hunt put their body weight onto Decedent when Decedent was face down and in a prone position and Officer Dustin Richmond and Officer Joseph Hunt, <u>were applying pressure to Decedent's upper torso, and compression to the back and chest of Decedent</u>. The entire time Decedent was kept in the prone position, he remained handcuffed, and under the complete physical control of Officer Dustin Richmond and Officer Joseph Hunt who were on top of Decedent. Officer Dustin Richmond and Officer Joseph Hunt had their body weight on top of Decedent for more than 4 minutes, and Decedent was prone and on his stomach. <u>DOE 4, the Sergeant, failed to intervene to stop Officer Dustin Richmond and Officer Joseph Hunt use of body weight against Decedent</u>.

13.    While Officer Dustin Richmond and Officer Joseph Hunt were at the location of the driveway of the Van Nuys gas station, Decedent did <u>not</u> pose an immediate threat of harm to Officer Dustin Richmond and Officer Joseph Hunt, or to any other LAPD Officers, Defendants DOES 3-10. Decedent was <u>not</u> armed, and was in an altered mental state acting erratically, but Decedent never physically or verbally threatened Defendants Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10. Decedent had not threatened anyone, and posed no imminent threat of harm or bodily injury to anyone.

FIRST AMENDED COMPLAINT FOR DAMAGES

14.     Even though Decedent did not pose any threat to Defendants Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10, <u>Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10 used excessive force against Decedent. Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10 forcefully kept Decedent in a prone position for more than 4 minutes. At the same time, Officer Dustin Richmond and Officer Joseph Hunt were applying pressure to Decedent's upper torso and compression to the back and chest; and Officer Dustin Richmond and Officer Joseph Hunt used their body weight to hold Decedent to the ground while they were on top of Decedent, and while Decedent was face down and in a prone position.</u>

15.     As a result of the use of force by Defendants Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10, Decedent endured severe pain and suffering due to the excessive weight applied to Decedent's back for a prolonged period of time, while he was in a prone position. Decedent lost consciousness, and was transported to Valley Presbyterian Hospital where he succumbed to his injuries on April 13, 2019. The excessive use of force caused Decedent's death due to anoxic encephalopathy and cardiopulmonary arrest.

16.     The County Coroner ascribed the cause of death as anoxic encephalopathy, (cessation of cerebral blood flow to brain tissue) due to cardiopulmonary arrest, and the Coroner also stated: "<u>There is a temporal relationship between the cardiopulmonary arrest after prone physical restraint by law enforcement</u> and the decedent was reported to become unresponsive after placement on gurney." (Emphasis supplied).

17.     It is well known throughout law enforcement and medical professionals that holding a subject in a prone position restraint can be deadly. Compressing an arrestee in a prone position with a police Officer's weight on his or her back, and/or upper torso, restricts the ability to breathe and blood flow to the brain, and can result in anoxic encephalopathy, which is a process that begins with the cessation of cerebral blood flow to brain tissue, like in this case.

18.     Deaths caused by asphyxiation are often referred to as deaths from positional, mechanical, or compression asphyxia, manifested by a temporal relationship between the cardiopulmonary arrest after prone physical restraint by law enforcement.

19.     The United States Department of Justice, Office of Justice Programs, National Institute of Justice, in June, 1995, informed Federal and State law enforcement agencies about the dangers of prone restraint: "The risk of positional asphyxia is compounded when an individual with predisposing factors becomes involved in a violent struggle with an officer or officers, particularly when physical restraint includes behind-the-back handcuffing combined with placing the subject in a stomach-down position." National Law Enforcement Technology Center, Positional Asphyxia Sudden Death at page 2. (June 1995).

20.     The dangers of Police Officers using carotid restraints, chokeholds, and prone restraints that restrict or block blood flow to the brain, were acknowledged by the LAPD on June 7, 2020. On June 7, 2020 Chief Michael Moore and Eileen Decker, President of Police Commission, publicly announced that the Los Angeles Police Department has instructed LAPD Officers not to use carotid restraints, chokeholds, prone restraints that restrict or block blood flow to the brain, until the Police Commission of the City of Los Angeles has finished a "detailed review" of LAPD policy regarding carotid restraint holds.

21.     Due to the well-known risks associated with prone restraint, it is national law enforcement best practice not to put an arrestee on his stomach in a prone position. For example, the National Law Enforcement Technology Center references the New York Police Department Guidelines to Preventing Deaths in Custody: "• As soon as the subject is handcuffed *get him off his stomach*. Turn him on his side or place him in a seated position. • If he continues to struggle, *do not sit on his back*. Hold his legs down or wrap his legs with a strap. • Never tie the handcuffs to a leg or ankle restraint."

22.     The City of Los Angeles Police Department does not have a Policy similar to the New York Police Department Guidelines to Preventing Deaths in Custody.

23.     Instead, the only Policy that the City of Los Angeles has regarding *prone* restraints is the following policy:

> "The Department has authorized the use of the high-risk prone search to ensure the safety of both officers and suspects. The high-risk prone search shall only be used when the officer has a reasonable suspicion of a risk for serious injury to the officer and/or the public. Note: A "reasonable suspicion" can include an officer's observations of the suspect's activity, the suspect's demeanor during the stop or any other factor that clearly indicates the risk for serious injury. Any or all of these could give an officer a reasonable suspicion that a suspect might be armed. The justification for an extent of the search shall be based on current law applicable to searches. The goal of any tactic, including search techniques, is to maintain control of the suspect while reducing the potential for violence. The use of the high-risk prone search tactic must be based on the totality of the circumstances that reasonably pose a threat to officers or bystanders. The high-risk prone search tactic shall not be used routinely or as an instrument of intimidation. Officers will be held accountable for the judicious use of discretion in the application of this tactic. Additionally, officers shall be held responsible for explaining to involved parties why this tactic was used."
> LAPD Procedure Manual § 574.

24.     There is nothing in the LAPD Procedure Manual that would train LAPD Officers about the dangers of applying pressure to an arrestee who is in a *prone* position and applying pressure to an arrestee's upper torso, back and chest. There is nothing in the LAPD Procedure Manual that would train LAPD Officers about the dangers of Officers using their body weight to hold arrestees to the ground while the Officers are on top of an arrestee who is face down in a prone position.

25.     Prior to the use of force and <u>prone</u> restraint of Decedent, Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10 failed to ascertain whether or not the Decedent was a threat to himself or others, or whether there was any immediate threat of death or serious bodily injury to others.

26.     The use of excessive use of force against Decedent by Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10 was excessive and objectively unreasonable under the circumstances, because Decedent was unarmed and surrounded by

FIRST AMENDED COMPLAINT FOR DAMAGES

uniformed Officers, Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10, and Decedent did not pose an immediate threat of death or serious bodily injury to anyone at the time of the arrest.

27.    Defendants Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10 did not timely summon the Mental Evaluation Unit;   did not timely summon medical care or permit medical personnel to treat Decedent.

28.    The intentional, reckless, negligent, and unjustified use of excessive force by Officers Dustin Richmond, Officer Joseph Hunt and DOES 3-10, was also a result of the negligent employment, negligent retention, and negligent supervision, of Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10by the City of Los Angeles.

29.    Defendant City of Los Angeles, the Chief of Police, Commanders, and high ranking supervisors, ratify, condone, and acquiesce in the filing of false police reports to "cover up" the negligent and/or excessive use of force; and ratify, condone, and acquiesce, in the falsification of evidence, the "planting" of evidence to "cover up" the negligent and/or excessive use of force. Defendant City of Los Angeles, the Chief of Police, Commanders, and high ranking supervisors, ratify, condone, and acquiesce in the negligent and/or excessive use of force by its police officers, acting under color of law.

30.    As a direct and proximate result of Defendants' acts and omissions, Plaintiff has suffered the loss of love, affection, society, comfort, services, moral support, and guidance of her father.

## FIRST CLAIM FOR RELIEF

**FOURTH AMENDMENT VIOLATION OF FEDERAL CIVIL RIGHTS**
**EXCESSIVE USE OF FORCE [42 U.S.C. § 1983]**
**(By Plaintiff individually and as Successor-In-Interest of Decedent**
**Against Defendant City of Los Angeles, Officer Dustin Richmond, Officer Joseph**
**Hunt and DOES 3-10)**

31.    Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

32.    This cause of action is to redress a deprivation, under color of authority, statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege and immunity secured to Plaintiff by the Fourth and Fourteenth Amendments to the United States Constitution.

33.    Defendants Officer Dustin Richmond, Officer Joseph Hunt and Does 3 through 10, and each of them, owed a legal duty under the U.S. Constitution not to use excessive force against Decedent.

34.    Plaintiff alleges that Defendant City of Los Angeles, Officer Dustin Richmond, Officer Joseph Hunt and Does 3 through 10, and each of them, breached these aforementioned legal duties intentionally, in all their interactions with Decedent, on April 8, 2019, including, but not limited to, the use of excessive and unreasonable force upon Decedent while he was unarmed.

35.    Plaintiff herein alleges that Defendants Officer Dustin Richmond, Officer Joseph Hunt and Does 3 through 10, and each of them, breached these aforementioned duties, which constituted violations of the civil rights of the Decedent in violation of 42 U.S.C. § 1983, and in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

36.    Plaintiff herein alleges that Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10 intentional use of excessive and unreasonable force upon Decedent, who was unarmed, was the legal cause of Decedent's death on April 13, 2019.

37.    On April 8, 2019, Officer Dustin Richmond, Officer Joseph Hunt and Does 3 through 10, and each of them, violated Decedent's civil rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person, cruel and unusual punishment, nor the deprivation of life

and liberty and denial of due process of law. The violation was under color of State and Federal law. Defendant Officer Dustin Richmond, Officer Joseph Hunt and Does 3 through 10, and each of them, acted in violation of the Fourth and Fourteenth Amendment of the United States Constitution when Decedent was subjected to excessive force and eventually died after being hospitalized by Defendant CITY's Police Officers.

38.    Decedent had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

39.    As a result of the uses of excessive force by LAPD Officers, Decedent died. Plaintiff ZELAYA was thereby deprived of her constitutional right of familial relationship with Decedent.

40.    Defendants City of Los Angeles, Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10, and each of their actions, directly and proximately caused injuries and damages to Plaintiff, as set forth herein.

41.    Defendants Officer Dustin Richmond, Officer Joseph Hunt DOES 3-10, are individually liable for the violation of Decedent and Plaintiff's Civil Rights apart and aside from the customs, policies and practices of the City of Los Angeles.

42.    As a direct and proximate result of the conduct of Defendants City of Los Angeles, Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10, and each of them, Decedent has suffered the following injuries and damages for which Plaintiff, as successor-in-interest, may recover:

        a. Violation of Decedent's Constitutional Rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of her person, cruel and unusual punishment, nor the deprivation of life and liberty and denial of due process of law;

      b.  Loss of life, loss of enjoyment of life, and pre-death pain and suffering, as well as the life-long deprivation of Decedent's comfort, support, society, care, and sustenance.

      c.  Conscious physical pain, suffering and emotional trauma during the incident on April 8, 2019.

      d.  Punitive damages, except as to Defendant City of Los Angeles.

43.    As a direct and proximate result of the conduct of Defendant Officer Dustin Richmond, Officer Joseph Hunt DOES 3-10 and each of them, Plaintiff suffered the following injuries, including but not limited to the loss of love, companionship, affection comfort, society, moral support, and guidance, as a

proximate result of the death of her father.

44.    Plantiff is entitlted to an awared of attorneys' fees, costs and expenses under 42 U.S.C. § 1983, as a result of Defendants City of Los Angeles, Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10, for the  violation of Decedent's and Plaintiff's Civil Rights.

## SECOND CLAIM FOR RELIEF

### (42 U.S.C. § 1983)

## MUNICIPAL LIABILITY – RATIFICATION OF CIVIL RIGHTS VIOLATIONS

### (42 U.S.C. § 1983)

### (By Plaintiff individually and as Successor-In-Interest of Decedent
### Against Defendant City of Los Angeles, Officer Dustin Richmond, Officer Joseph
### Hunt and DOES 3-10)

45.    Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

46.    Defendants Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10 acted under color of law.

FIRST AMENDED COMPLAINT FOR DAMAGES

47.     The acts of Defendants Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10 deprived Decedent and Plaintiff of their particular rights under the United States Constitution.

48.     The City of Los Angeles *ratified* the Defendants' acts and the basis for them. The City of Los Angeles knew of, and specifically approved, of Defendants Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10's acts and omissions.

49.     On March 31, 2020, the Defendant City of Los Angeles, through the Board of Police Commissioners, made findings that determined that the acts of Defendants Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10 were "within policy" and within LAPD tactical training. Specifically, that in this case, the Decedent was held in a prone position, for approximately *four minutes and 13 seconds*, with two Officers using their full body weight on the Decedent, and the Board of Police Commissioners ruled that the Officers' **"tactics did not substantially deviate from approved Department tactical training**." By this determination of the Board of Police Commissioners the City of Los Angeles totally *ratified* the acts of Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10.

50.     The City of Los Angeles ratified the acts of Defendants Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10, and ratified the basis for the acts of Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10. The City of Los Angeles knew of, and specifically *approved* of, the acts of Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10, and ratified the acts of Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10. The City of Los Angeles has determined that the acts of Defendants Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10 were "within policy." Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10 have not been disciplined or re-trained, and have not suffered any adverse or negative consequences in their employment with the City of Los Angeles, and this is *further ratification* by the City of Los Angeles.

51.     By reason of the aforementioned acts and omissions, Plaintiff has suffered the loss of love, companionship, affection, comfort, care, society, training, and guidance, of Decedent. The aforementioned acts and omissions also caused Decedent pain and suffering, loss of enjoyment of life, and death

52.     Accordingly, Defendants CITY Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10, are each liable to the Plaintiff for compensatory damages under 42 U.S.C. § 1983.

53.     Plaintiff brings this claim as Decedent's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seeks survival damages for the violation of Decedent's rights. Plaintiff also seeks attorney's fees.

## THIRD CLAIM FOR RELIEF

### MUNICIPAL LIABILITY – FAILURE TO TRAIN

### (42 U.S.C. § 1983)

**(By Plaintiff individually and as Successor-In-Interest of Decedent**
**Against Defendant City of Los Angeles, Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10)**

54.     Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

55.     The City of Los Angeles did not properly train its Police Officers about the dangers of positional, compression, or mechanical asphyxia associated with prone restraint. The City of Los Angeles and did not properly train its Police Officers about the dangers of applying pressure to an arrestee who is in a *prone* position; or about the dangers of applying pressure to an arrestee's upper torso, back and chest.

56.     The City of Los Angeles did not properly train its Police Officers that applying pressure to an arrestee who is in a *prone* position; or that using the body weight

of an Officer or Officers to apply pressure to an arrestee's upper torso, back and chest can cause death.

57.     The City of Los Angeles did not properly train its Police Officers that it is imperative that after an arrestee is handcuffed, the arrestee held in a prone position should be moved face up, or on his or her side, or to a seated position, to protect the life of the arrestee.

58.     The City of Los Angeles did not properly train its Police Officers about the positioning of restrained arrestees, specifically, the positioning of arrestees placed in a prone position.

59.     The City of Los Angeles did not properly train its Police Officers that arrestees held in a prone position should be placed in a recovery position, and that the breathing and consciousness of the arrestee should be monitored by the arresting Officers.

60.     The City of Los Angeles did not properly train its Police Officers about the risks of asphyxiation associated with prone restraint. The City of Los Angeles was legally obligated to provide this type of training to its Police Officers.

61.     The City of Los Angeles did not properly train its Police Officers about proper police tactics while Officers apply pressure to an arrestee who is in a *prone* position, and other Officers are applying pressure to an arrestee's upper torso, back and chest.

62.     The City of Los Angeles did not properly train its Police Officers about proper police tactics while Officers apply their body weight to an arrestee who is in a *prone* position, and other Officers are applying their body weight to an arrestee's upper torso, back and chest.

63.     The City of Los Angeles did not properly train its Police Officers about the danger of applying pressure to an arrestee who is in a *prone* position and Officers applying pressure to an arrestee's upper torso, back and chest.

FIRST AMENDED COMPLAINT FOR DAMAGES

64.     The City of Los Angeles did not properly train its Police Supervisory staff, such as Sergeants, Lieutenants, and Captains, to intervene to stop Police Officers from using prone restraints against arrestees when the *prone restraint* becomes dangerous to the arrestee.

65.     The City of Los Angeles did not properly train its Police Supervisory staff, such as Sergeants, Lieutenants, and Captains, to intervene to stop Police Officers from using their *body weight* to an arrestee who is in a *prone* position, or other Officers are applying their body weight to an arrestee's upper torso, back and chest.

66.     The City of Los Angeles did not properly train its Police Officers about the dangers of Officers using their body weight to hold arrestees to the ground while the Officers are on top of an arrestee who is face down in a prone position.

67.     The City of Los Angeles did not properly train its Officers about tactics and the use of the "hobble" restraint while Officers are holding an arrestee in a prone position

68.     The City of Los Angeles is <u>not</u> properly training its Police Officers because the City of Los Angeles is sending ***"mixed messages"*** to its Officers, and Supervisors, regarding the training of tactics; regarding the training of LAPD Policies regarding prone restraints; and the training of the dangers of prone restraints. In another case, the Board of Police Commissioners of the City of Los Angeles found two LAPD Officers in **"substantial deviation"** from Department tactical training for "allowing the Subject to stay in the prone position for approximately *three minutes*." However, in this case, the Decedent was held in a prone position, for approximately *four minutes and 13 seconds*, with two Officers using their full body weight on the Decedent, and the Board of Police Commissioners ruled that the Officers' **"tactics did not substantially deviate from approved Department tactical training**."

69.     The City of Los Angeles did not properly train its Police Officers to call for assistance from the Mental Evaluation Unit when arrestees are in an altered mental state, or having a mental crisis. The City of Los Angeles did not properly train its Police

Officers regarding how to effectuate a proper detention of a person who required mental medical assistance. The City of Los Angeles did not properly train its Police Officers regarding using other less deadly, reasonable methods when arrestees are in an altered mental state, or having a mental crisis; and did not properly train its Police Officers on how to detain arrestees who are in an altered mental state, or having a mental crisis, without having to use objectively unreasonable force which ultimately killed Decedent.

70.     The intentional and negligent conduct of Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10 was a result of the negligent training by Defendant City of Los Angeles.

71.     The intentional, reckless, negligent, and unjustified use of force by Defendants Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10, was a result of the negligent training by the City of Los Angeles in proper police tactics. The City of Los Angeles failed to train LAPD Officers as to proper police tactics, proper use of force, proper use of deadly force, and proper detention and arrest procedures. The City of Los Angeles was responsible for the training of LAPD Officers to ensure that the actions, procedures, and practices of Police Officers complied with Peace Officer Standards and Training ("POST") training standards regarding proper police tactics, and proper use of force. POST was established by the California Legislature in 1959 to set minimum selection and training standards for California law enforcement officers.

72.     The Decedent's death came about as a result of the lack of implementation of proper procedures and training. Had the Defendants Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10 been properly trained, and had such training been properly implemented, this incident would have been avoided.

73.     The training by Defendant CITY, through the LAPD, was not adequate to train its employees, agents, and staff to handle the usual and recurring situations with which they must deal, such as recognizing the medical needs of a person screaming for

help and how to properly detain that person without the use of excessive and unreasonable force.

74.     Police Officers of Defendant City of Los Angeles, Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10, acted under color of law on the day of the April 8, 2019 incident.

75.     The acts of Defendant City of Los Angeles, Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10, deprived Decedent and Plaintiff of particular rights under the United States Constitution.

76.     The training policies of Defendant City of Los Angeles were not adequate to train its Officers to handle the usual and recurring situations with which they must deal.

77.     Defendant CITY was deliberately indifferent to the obvious consequences of their failure to train LAPD Officers adequately.

78.     The failure of Defendant CITY to provide adequate training caused the deprivation of the Plaintiff's rights by Defendants; that is, the Defendant's failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

79.     By reason of the aforementioned acts and omissions, Plaintiff ZELAYA has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of Decedent. The aforementioned acts and omissions also caused Decedent's pain and suffering, loss of enjoyment of life, and death.

80.     Accordingly, Defendants CITY, Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10 each are liable to Plaintiff for compensatory damages, and punitive damages, except as to Defendant CITY, including survival damages (for the decedent's loss of life, loss of enjoyment of life, and pre-death pain and suffering) and wrongful death damages (the life-long deprivation of the decedent's comfort, support, society, care and sustenance) under 42 U.S.C. § 1983 and California Code of Civil Procedure § 377.30

and § 377.60. Plaintiff also seeks reasonable attorneys' fees pursuant to 28 U.C.S. § 1988, costs and interest.

### FOURTH CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

**(By Plaintiff individually and as Successor-In-Interest of Decedent**

**Against Defendant City of Los Angeles, Officer Dustin Richmond, Officer Joseph**

**Hunt and DOES 3-10)**

81.     Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

82.     Defendant Officer Dustin Richmond, Officer Joseph Hunt and Does 3 through 10 acted under color of law.

83.     Defendant Officer Dustin Richmond, Officer Joseph Hunt and Does 3 through 10 acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY.

84.     On information and belief, Defendant CITY Officers' killing of Decedent, who was unarmed and not a threat to Officers, was ratified by CITY and its supervisorial Officers, including but not limited to Chief Michel Moore.

85.     On information and belief, Defendant CITY Officers, were not disciplined for the use of force on Decedent who was unarmed when officers were on top of him. Further, the Officers involved were not disciplined, reprimanded, suspended, or otherwise penalized in connection with Decedent's death.

86.     On and for some time prior to April 8, 2019 (and continuing to the present date) Defendant CITY, Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10, deprived Plaintiff and Decedent of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said Defendants and their supervising and managerial employees, agents, and representatives, acting with gross

FIRST AMENDED COMPLAINT FOR DAMAGES

negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff and Decedent, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

    (a)    Employing and retaining as CITY Officers and other personnel, who Defendant CITY, Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written LAPD policies, including the use of excessive force;

    (b)    Of inadequately supervising, training, controlling, assigning, and disciplining CITY Officers, and other personnel, who Defendants CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

    (c)    By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendant CITY Officers;

    (d)    By failing to discipline LAPD Officers conduct, including but not limited to, unlawful detention and excessive force;

    (e)    By ratifying the intentional misconduct of Defendant CITY Officers;

    (f)    By having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of Officer Dustin

Richmond, Officer Joseph Hunt and DOES 3-10, were done with a deliberate indifference to individuals' safety and rights; and

    (g)   By failing to properly investigate claims of unlawful detention and excessive force by CITY Officers.

87.   By reason of the aforementioned policies and practices of Defendant Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10, Decedent was severely injured and subjected to pain and suffering and lost his life.

88.   Defendant CITY, Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent, Plaintiff, and other individuals similarly situated.

89.   By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendant CITY, Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10, acted with an intentional, reckless, and callous disregard for the life of Decedent, and Decedent's and Plaintiff' constitutional rights. Defendant CITY, Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10, actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

90.   Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendant CITY, Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10, were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiff.

91.    By reason of the aforementioned acts and omissions of Defendant CITY, Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10, Plaintiff has suffered loss of love, companionship, affection, comfort, care, society, and future support.

92.    Accordingly, Defendant CITY, Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10 are liable to Plaintiff for compensatory damages, and punitive damages, except as to Defendant CITY, including survival damages (for the decedent's loss of life, loss of enjoyment of life, and pre-death pain and suffering) and wrongful death damages (the life-long deprivation of the Decedent's love, comfort, affection, guidance, society, and moral support) under 42 U.S.C. § 1983 and California Code of Civil Procedure § 377.30 and § 377.60. Plaintiff also seeks reasonable attorneys' fees pursuant to 28 U.S.C. §1988, costs, and interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in her favor and against Defendants CITY, Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10, inclusive, as follows:

A.    For compensatory damages, including both survival damages and wrongful death damages under federal law, in the amount to be proven at trial;

B.    For survival damages under federal law, including damages for pre-death pain and suffering, loss of enjoyment of life, and loss of life, in a sum according to proof at trial;

C.    For wrongful death damages under state and federal law, in a sum according to proof at trial;

D.    For past, present, and future non-economic damages;

E.    For attorneys fees under §1988;

F.    For funeral and burial expenses, and loss of financial support;

G.   For other general damages in an amount according the proof at trial;

H.   For other special damages in an amount according to proof at trial;

I.   For punitive damages as to Defendants Officer Dustin Richmond, Officer Joseph Hunt and DOES 3-10 only.

J.   For reasonable costs of this suit; and

K.   For such further other relief as the Court may deem just, proper, and appropriate.

Dated: May 19, 2021                    CARRILLO LAW FIRM, LLP


By:  _____
     Michael S. Carrillo, Esq.,
     Attorney for Plaintiff


## **DEMAND FOR JURY TRIAL**

The Plaintiff named herein hereby demands a trial by jury.

Dated: May 19, 2021                    CARRILLO LAW FIRM, LLP


By:  _____
     Michael  S. Carrillo, Esq.,
     Attorney for Plaintiff

FIRST AMENDED COMPLAINT FOR DAMAGES