**FILED**
CLERK, U.S. DISTRICT COURT

10/13/23

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ SE _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Nicole Juarez Zelaya,

         Plaintiff,

   v.

City of Los Angeles,

         Defendant.

Case No. CV 20-08382-ODW (MAAx)

JURY INSTRUCTIONS

**Conduct of the Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to

start over.  If any juror is exposed to any outside information, please notify the court immediately.

## **Outline of Trial**

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**<u>Duty of Jury)</u>**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

## **Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This case involves an encounter between Jacobo Cedillo and Officers Joseph Hunt and Dustin Richmond of the Los Angeles Police Department. Following the encounter, Mr. Cedillo died. The Plaintiff is Nicole Juarez Zelaya, who is the daughter of Decedent, Cedillo. The Defendants are the City of Los Angeles, Officer Dustin Richmond and Officer Joseph Hunt.

Plaintiff claims that Joseph Hunt and Dustin Richmond used excessive force and restraint against Mr. Cedillo. The Plaintiff further claims that the City of Los Angeles failed to adequately train LAPD officers with respect to the risk of prone restraint. Plaintiff seeks damages as permitted by law.

Defendants deny all of Plaintiff's claims.

## <u>Burden of Proof—Preponderance of the Evidence</u>

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## Two or More Parties—Different Legal Rights

You should decide the case as to each plaintiff and each defendant separately. Unless otherwise stated, the instructions apply to all parties.

## What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I may instruct you to accept as proved.

## What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, and may say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the federal rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)    Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## **Evidence for Limited Purpose**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that purpose and not for any other purpose.

## **Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

## Ruling on Objections

There are federal rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means that when you are deciding the case, you must not consider the stricken evidence for any purpose.

## **Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

14

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Publicity During Trial**

      If there is any news media account or commentary about the case or anything to do with it, you must ignore it.  You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it.  The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies.  If any juror is exposed to any outside information, please notify me immediately.

**<u>No Transcript Available to Jury</u>**

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

**<u>Taking Notes</u>**

If you wish, you may take notes to help you remember the evidence.  If you
do take notes, please keep them to yourself until you go to the jury room to decide
the case.  Do not let notetaking distract you.  When you leave, your notes should be
left in the courtroom.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the
evidence.  Notes are only to assist your memory.  You should not be overly
influenced by your notes or those of other jurors.

## Questions to Witnesses by Jurors During Trial

Only the lawyers and I are allowed to ask questions of witnesses.  A juror is not permitted to ask questions of witnesses.  If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

**Bench Conferences and Recesses**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the federal rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## Duty of Jury

Members of the Jury: Now that you have heard all of the evidence and will hear the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may have said or done that I have an opinion regarding the evidence or what your verdict should be.

21

**Expert Opinion**

You have heard testimony from expert witnesses who testified about their opinions and the reasons for those opinions.  This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

## Charts and Summaries Not Received in **Evidence**

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

## Nonperson Party

A governmental entity, City of Los Angeles, is a party in this lawsuit.  The City of Los Angeles is entitled to the same fair and impartial treatment that you would give to an individual.  You must decide this case with the same fairness that you would use if you were deciding the case between individuals.

When I use words like "person" or "he" or "she" in these instructions to refer to a party, those instructions also apply to the City of Los Angeles.

24

## Section 1983 Claim – Introductory Instruction

Plaintiff brings claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party

<u>Section 1983 Claim Against Defendant In Individual Capacity</u>

<u>Elements And Burden Of Proof</u>

In order to prevail on her § 1983 claims against Defendants Officer Dustin Richmond and Officer Joseph Hunt, Plaintiff must prove each of the following elements against each officer by a preponderance of the evidence:

1.    Dustin Richmond and Joseph Hunt acted under color of state law; and

2.    The acts or failure to act of Dustin Richmond and Joseph Hunt deprived Jacobo Cedillo of his rights under the Fourth Amendment of the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.  The parties have stipulated that Dustin Richmond and Joseph Hunt acted under color of state law.

If you find the Plaintiff has proved each of these elements, and if you find that the Plaintiff has proved all the elements she is required to prove, your verdict should be for the Plaintiff on this claim.  If, on the other hand, you found that the Plaintiff has failed to prove any one or more of these elements, your verdict should be for Dustin Richmond and Joseph Hunt on this claim.

**Section 1983 Claim Against Local Governing Body Defendants Based On A Policy That Fails To Prevent Violations Of Law Or A Policy Of Failure To Train Elements And Burden Of Proof**

In order to prevail on their § 1983 claim against Defendant City of Los Angeles alleging liability based on a policy of a failure to train its officers, the Plaintiff must prove each of the following elements by a preponderance of the evidence:

1.   The acts or failure to act of Dustin Richmond or Joseph Hunt deprived Jacobo Cedillo of his particular rights under the Fourth Amendment to the United States Constitution as explained in later instructions;

2.   Dustin Richmond and Joseph Hunt acted under color of state law;

3.   The training of the City of Los Angeles with respect to the risks of prone restraint and/or the risks of positional and restraint asphyxia were not adequate to train its police officers to handle the usual and recurring situations with which they must deal;

4.   The City of Los Angeles was deliberately indifferent to the known or obvious consequences of its failure to train its police officers adequately; and

5.   The failure of the City of Los Angeles to provide adequate training with respect to the risks of prone restraint and/or the risks of positional and restraint asphyxia caused the deprivation of Mr. Cedillo's rights by Dustin Richmond and/or Joseph Hunt; that is, the City of Los Angeles's failure to train played a substantial part in bringing about or actually causing the injury or damage to Mr. Cedillo.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.  The parties have stipulated that Dustin Richmond and Joseph Hunt acted under color of state law.

A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question. A policy of inaction or omission may be based on a failure to implement procedural safeguards to prevent constitutional violations. To establish that there is a policy based on a failure to preserve constitutional rights, the plaintiff must show, in addition to a constitutional violation, that this policy amounts to deliberate indifference to the plaintiff's constitutional rights, and that the policy caused the violation, in the sense that the municipality could have prevented the violation with an appropriate policy.

The phrase "deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions. The plaintiff may prove deliberate indifference in this case by showing that the facts available to Defendant City of Los Angeles put it on actual or constructive notice that its failure to train adequately was substantially certain to result in the violation of the constitutional rights of persons such as the decedent, Jacobo Cedillo, due to the police officers' conduct.

If you find that the Plaintiff has proved each of these elements, and if you find that the Plaintiff has proved all the elements they are required to prove, your verdict should be for the Plaintiff on this claim. If, on the other hand, the Plaintiff has failed to prove any one or more of these elements, your verdict should be for the Defendant City of Los Angeles on this claim.

**Particular Rights—Fourth Amendment—Unreasonable Seizure Of Person— Excessive Force**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force and/or restraint in making a lawful arrest or in defending himself. Therefore, to establish an unreasonable seizure by excessive force and/or restraint in this case, the Plaintiff must prove by a preponderance of the evidence that Dustin Richmond and/or Joseph Hunt used excessive force and/or restraint against Jacobo Cedillo.

Under the Fourth Amendment, a police officer may use only such force and restraint as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to Dustin Richmond and/or Joseph Hunt are relevant to your inquiry, the officers' subjective intent or motive is not relevant to your inquiry.

In determining whether each individual defendant officer used excessive force in this case, consider all of the circumstances known to Dustin Richmond and/or Joseph Hunt on the scene, including:

(1)     the nature of the crime or other circumstances known to Dustin Richmond and/or Joseph Hunt at the time force was applied;

(2)     whether Jacobo Cedillo posed an immediate threat to the safety of Dustin Richmond, Joseph Hunt, or to others;

(3)     whether Jacobo Cedillo was actively resisting arrest or attempting to evade arrest by flight;

(4)     the amount of time Dustin Richmond and Joseph Hunt had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5)     the type and amount of force used;

29

(6)     the availability of alternative methods to subdue Jacobo Cedillo;

(7)     the number of lives at risk (motorists, pedestrians, police officers) and
the parties' relative culpability; i.e., which party created the dangerous situation,
and which party is more innocent;

(8)     whether it was practical for Dustin Richmond and/or Joseph Hunt to
give warning of the imminent use of force, and whether such warning was given;

(9)     whether it should have been apparent to Dustin Richmond and/or
Joseph Hunt that the person they used force against was emotionally disturbed;

(10)    whether a reasonable officer would have or should have accurately
perceived a mistaken fact; and

(11)    whether there was probable cause for a reasonable officer to believe
that the suspect had committed a crime involving the infliction or threatened
infliction of serious physical harm.

## Fourteenth Amendment – Substantive Due Process – Interference With Parent/Child Relationship

Plaintiff claims that Dustin Richmond and Joseph Hunt deprived her of her right under the Fourteenth Amendment to be free from unlawful state interference with her familial relationship with Jacobo Cedillo.

In order to prove that Dustin Richmond and/or Joseph Hunt deprived Plaintiff of her Fourteenth Amendment right to be free from unreasonable state interference with their relationship with the decedent, Plaintiff must prove that Dustin Richmond and/or Joseph Hunt acted with deliberate indifference when they used force and/or restraint against Mr. Cedillo. Deliberate indifference is reflected by a conscious disregard of a risk to the decedent's health or safety. However, if you find that it was impracticable for Dustin Richmond and/or Joseph Hunt to deliberate before they used force against Mr. Cedillo, then Plaintiff must instead prove that Dustin Richmond and/or Joseph Hunt acted with a purpose to harm Mr. Cedillo that was unrelated to a legitimate law enforcement objective.

Damages

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff on any of her claims, you must determine the Plaintiff's respective damages. Plaintiff has the burden of proving her respective damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Plaintiff or Mr. Cedillo for any injury you find was caused by the Defendants.

You should consider the following as to Mr. Cedillo's damages:

1.      The nature and extent of his injuries;

2.      The loss of life and loss of enjoyment of life; and

3.      The mental, physical, and emotional pain and suffering experienced prior to death.

You should consider the following as to the damages for Plaintiff:

1.      The loss of Mr. Cedillo's love, companionship, comfort, care, assistance, protection, affection, society, and moral support; and

2.      Funeral and burial expenses.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**<u>Duty to Deliberate</u>**

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Evidence in Electronic Format**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.

A court technician will show you how to operate the equipment and how to locate and view the exhibits on the drive. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the Court Security Officer If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the Court Security Officer, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with Court Security Officer present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the equipment in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the equipment for any other purpose. At my direction, technicians have taken steps to ensure that the equipment does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the equipment to obtain access to such materials. If you discover that the equipment provides or allows access to such materials, you must inform the court immediately and refrain from viewing

such materials.  Do not remove the equipment or any electronic data from the jury room, and do not copy any such data.

**Consideration of Evidence—Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—

until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Communication with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Court Security Officer, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**Readback or Playback**

   If a request is made for a readback of the testimony of witness it will be provided to you, but you are cautioned that all readbacks run the risk of distorting the trial because of overemphasis of one portion of the testimony. Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible. The readback could contain errors. The readback cannot reflect matters of demeanor, tone of voice, and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony read cannot be considered in isolation but must be considered in the context of all the evidence presented.

**<u>Return of Verdict</u>**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Court Security Officer that you are ready to return to the courtroom.