LUIS A. CARRILLO, Esq. SBN 70398
MICHAEL S. CARRILLO, Esq. SBN 258878
**CARRILLO LAW FIRM, LLP**
1499 Huntington Drive, Suite 402
South Pasadena, CA 92030
Tel: (626) 799-9375
Fax: (626) 799-9380

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE JUAREZ ZELAYA, Individually and as Successor-in-Interest to Decedent JACOBO JUAREZ CEDILLO;<br>　　　　Plaintiff,<br>　v.<br>CITY OF LOS ANGELES; OFFICER DUSTIN RICHMOND as DOE 1; OFFICER JOSEPH HUNT as DOE 2; and DOES 3 through 10, Inclusive,<br>　　　　Defendants. | CASE NO.: CV20-08382-ODW (MAAx)<br><br>**DECLARATION OF MICHAEL S. CARRILLO IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>Date: January 22, 2024<br>Time: 1:30 p.m.<br>Courtroom: 6D<br>Judge: Otis D. Wright<br>Magistrate: Mag. Maria A. Audero |

## DECLARATION OF MICHAEL S. CARRILLO

I, Michael S. Carrillo, declare as follows:

1.　I am an attorney at law, duly admitted to practice before the United States District Court Central District of California, and I am one of the attorneys of record for Plaintiff Nicole Juarez Zelaya in the above matter. I make this declaration in support of Plaintiff's Motion for Attorneys' Fees. I have personal knowledge of the facts contained herein and could testify competently thereto if called.

1

2.     As of this date, I have spent 128.5 hours of billable time in connection with tasks reasonably necessary to the favorable resolution of this action.

3.     I intend to include the billable time spent in connection with any further work on this case in a separate declaration and accompanying exhibit to be included in Plaintiff's reply to the instant motion.

4.     I have maintained contemporaneous time records reflecting the work activity and time spent on this case. I have exercised billing judgment, and I have reduced or written off unproductive time or other time that would not ordinarily be charged to a fee-paying client. I personally performed the work attributed to me in this billing statement and can personally attest that the hours I spent on this case have been reasonably expended in pursuit of litigation. A copy of my time records for this case is attached hereto as "Exhibit 1."

5.     In May, 2005, I received a Bachelor of Arts in General Communication from Purdue University, West Lafayette, IN.

6.     In May 2008, I received a Juris Doctorate degree from Whittier Law School and first became licensed to practice in the state of California in December, 2008. I am also currently admitted to practice in the United States District Court for the Eastern District of California and the Central District of California.

7.     During law school I worked at the Wallin & Klarich law firm where I gained valuable experience in the areas of criminal defense and family law. While there, I worked all the way up from secretary to a law clerk position. During my final year of law school, I began working for my father who had his solo-practice, the Law Offices of Luis A. Carrillo. It was then I began working on civil rights cases and gaining valuable experience including working on the case of Elio Carrion, who was an Air Force Sergeant who was shot by a San Bernardino County Sheriff which resulted in a $1.5 million settlement. Additionally, while waiting for my bar results, I second-chaired my

first jury trial with my father which was a federal civil rights case filed on behalf of a reporter who alleged excessive force against a Port Police officer.

8. Following the passage of the bar exam, I immediately began working in my own practice while also still assisting my father at times in his practice. My practice then was the Law Offices of Michael S. Carrillo, A Professional Corporation which focused then on criminal defense and family law matters. I eventually built a budding law practice which included handling several bench trials on family law matters.

9. In or about 2012, my father, Luis Carrillo, and I teamed up again after several years of our separate practices while working on the *Miramonte* case. *Miramonte* was a high-profile sex abuse scandal involving the Los Angeles Unified School District in which a school teacher at a South Los Angeles school was found to have been force-feeding his semen to elementary school age children without their knowledge. My father and I represented many of the victims and the case resulted in a record settlement against the Los Angeles Unified school District which totaled roughly $139,000,000 million. Since that historic case, my father and I have partnered together to form the Carrillo Law Firm, LLP in or about 2014.

10. My father, Luis Carrillo, is a founding partner in the firm and has been recognized for his advocacy in the area of civil rights. He has a long history of representing persons harmed by police agencies.

11. Luis Carrillo represented 40 demonstrators who sued the city of Los Angeles for the actions of the LAPD following a peaceful protest that took place on May 1, 2007 at MacArthur Park in Los Angeles and was part of the $12,850,000.00 settlement. Luis Carrillo also represented a client in the Rampart Scandal in which former Los Angeles Police Department officers from the Rampart Division confessed to fabricating evidence and framing one client, Javier Ovando. Luis Carrillo was a part of the legal team who represented Mr. Ovando and who settled with the city for the largest police misconduct case in history at the time for $15,000,000.00. Luis Carrillo also settled other cases

1  against the city for the actions of these police officers who were later convicted of
2  fabricating evidence, falsifying charges, etc.
3       12.   In June, 2016, the Daily Journal published a section featuring 30 plaintiff's
4  attorneys and selected Luis Carrillo as one of the Top Plaintiff Lawyers in California for
5  2016.  Recently, this month of December 2023, he was awarded a proclamation by the
6  Los Angeles City Council by Councilmember Eunisses Hernandez for his work in the
7  area of civil rights and sexual abuse.
8       13.   As for myself, I am currently the managing partner for the Carrillo Law
9  Firm, LLP where I oversee the cases and the practice which includes 5 total attorneys.
10 Our law firm focuses primarily on civil rights and childhood sexual abuse cases.  I have
11 been a part of various high-profile cases including various trials and settlements.  For the
12 cases we retain, I am responsible for overseeing timely claim filing and complaint filing
13 deadlines are met and that the cases are properly prepared for trial.  This includes
14 preparing written discovery, taking depositions, retaining the proper experts, opposing
15 summary judgments, preparing trial documents, and of course, running the business side
16 of the practice in which we currently have 5 attorneys.  I have been both first chair for
17 trial as well as second and third chair, depending on the circumstance of the case.  I was
18 recently first chair for a trial in which resulted in a $5 million verdict on behalf of a child
19 sexual abuse victim in 2019.
20      14.   Our law firm has received recent recognition including by being named in
21 the LA Daily Journal article as "Children's Champions" for our work and advocacy on
22 behalf of victims of childhood sexual abuse.
23      15.   My father and I have recently recorded record settlements in various high
24 profile cases against law enforcement agencies including the following:
25      a. *Manuela Sahagun v. Long Beach Unified School District* (Millikan High
26         School, 2023) – $13 million dollar settlement for the wrongful death of 18-
27         year-old Manuela "Mona" Rodriguez, who was fatally shot by a school safety
28

4

DECLARATION OF MICHAEL S. CARRILLO IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

       officer on Sept. 27, 2021. The settlement is one of the highest civil rights, pre-trial wrongful death case in the U.S.

    b. *I.M. v. California Highway Patrol* (2023) - $24 million dollar settlement for the death of Edward Bronstein who was suffocated to death by CHP officers on March 31, 2020. This settlement is the highest civil rights pre-trial wrongful death settlement in the state of California and second only nationwide to the George Floyd incident.

    c. *Manuel Orozco v. Imperial County* (2023) - $9.875 million settlement on behalf of five men sustained life altering injuries when their vehicle was struck by a Sherriff's deputy who was speeding, without sirens or overhead lights, through an intersection.

    d. *Marlene Orozco v. County of Los Angeles* (2022) - $2.5 million settlement for the in-custody death of a man in Los Angeles County Jail

    e. *Correa v. County of Los Angeles (2020)* - $1.5 million settlement on behalf of the parents of a young man who died in the Los Angeles County jail.

    f. *Navas v. City of Los Angeles* (2017) - $2.5 million settlement of a civil rights case involving a Los Angeles Police Department shooting and death of an unarmed man.

16. Other recent results in other cases include the following:

    a. *Doe v. Pacific City Bank, et al*. (2023) - $7 million dollar settlement in a negligent security and premises liability lawsuit brought on behalf of a minor who was sexually assaulted by a security guard.

    b. *Roberta Gomez v. Hacienda La Puente Unified School District* (2022) - $18 million dollar settlement on behalf of the parents whose child with special needs lost his life after sustaining a fall while attending school within the Hacienda La Puente Unified School District.

    c. *Does v. Los Angeles Unified School District* (Cahuenga II, 2020) $11 million settlement on behalf of 9 minors who were victims of sexual abuse by their after school coach.

    d. *Does v. Los Angeles Unified School District* (George de la Torre, 2016) $9.9 million settlement for the sexual abuse of three elementary school students by their teacher.

    e. *Doe v. El Monte Union High School District* (Arroyo High School, 2019) - $5 million verdict on behalf of a minor who was sexually abused by her teacher at Arroyo High School. The verdict was recognized as one of the top 10 plaintiff's jury verdicts in a sexual abuse case of 2019.

    f. *Does v. Los Angeles Unified School District* (El Sereno Elementary, 2020) - $4 million settlement on behalf of 10 children sexually abused by their elementary school teacher.

    g. *Doe v. Los Angeles Unified School District* (Telfair Elementary, 2020) - $2.1 million settlement on behalf of a minor who was sexually abused by her elementary school teacher.

    h. *Doe v. Los Angeles Unified School District* (Vista Middle School, 2019) - $1.9 million settlement on behalf of a young man who was sexually abused by his middle school assistant principal.

17. Some of our work has also led to changes in the law. For example, I was lead trial counsel in a published decision in the area of childhood sexual abuse that will affect similar cases. *In D.Z. v. Los Angeles Unified School District* (2019) 35 Cal.App.5th 210, the plaintiff's high school teacher, James Shelburne, sexually abused our client. At trial, our office was severely limited in terms of the evidence that we could present as the trial judge excluded all escalating misconduct and non-touching evidence (grooming evidence). Additionally, the trial court limited vicarious liability to only the principal at the time of the sexual abuse and disregarded prior administrator's negligence. The Court

of Appeal reversed and held that the judge committed reversible error in excluding substantial notice evidence that showed an escalation of conduct. The Court of Appeal also held that the trial court committed reversible error by limiting the verdict form to only include the administrator that was there when the abuse finally came to light.

18. Other cases in which we have been involved that resulted in a published opinion include the *Doe v. Superior Court* case, a California Supreme Court case, 15 Cal. 5th 40 (2023) as well as *Victor Valley Union High School District v. Superior Court of San Bernardino County*, 91 Cal. App. 5th 1121 (2023). Both cases concerned minors who were sexually abused while at school.

19. Since this case first came into our office, I have been the one primarily responsible for overseeing the work on this case from our office. This continued even after our office associated Dale K. Galipo, Renee Masongsong and their team in or about April 2022. As evidenced in the billing time sheets, I have been involved in the depositions, retaining experts, law and motion work, coordinating experts, preparing the case for trial and assisting with the trial and post-trial issues.

20. A reasonable fee for my professional services during the time that I worked on this matter is $700 per hour. As a result of my experience, I believe this rate is in line with the hourly rates charged by attorneys of equivalent experience, skill, reputation, and expertise for comparable work. I have been practicing for 15 years and have gained the reputation, skill, and expertise in the area of civil litigation and particularly in the area of civil rights.

21. I believe that my requested hourly rate of $700 is reasonable and in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. Courts appropriately recognize that rates, and inflation, increase over time. *Parker v. Vulcan Materials Co. Long Term Disability Plan*, No. EDCV 07–1512 ABC (OPx), 2012 WL 843623, *7 (C.D. Cal. Feb. 16, 2012). Billing rates in Los Angeles at large commercial firms increase annually at more than the

cost-of-living rate and to reflect both increased experience, and "courts routinely recognize that fee rates increase over time based on a variety of factors." Sobel Decl. at ¶ 22; *Charlebois v. Angels Baseball, LP*, 2012 U.S. Dist. LEXIS 91069, cv 10-0853 DOC, at *24 (C.D. Cal. May 30, 2012); *Parker v. Vulcan Materials Co. Long Term Disability Plan*, No. EDCV 07-1512 ABC (OPx), 2012 WL 843623, *7 (C.D. Cal. Feb. 16, 2012) ("It is common practice for attorneys to periodically increase their rates for various reasons, such as to account for expertise gained over time . . .").

22. The rate that I am currently requesting is approximately 30 percent lower than the rate awarded in *Simmons I*. In *Fleming v. Impax Laboratories, Inc.*, Case No. 4:16-cv-06557 HSG (C.D. Cal. 2022), the court awarded an hourly rate of $760 to a twelfth-year attorney at a small firm. In *Smith v. County of Riverside*, No. EDCV 16-227 JGB (KKx), 2019 WL 4187381, at *4,*7 (C.D. Cal. June 17, 2019), which was a § 1983 police shooting case, a judge sitting for the Eastern District of California awarded an attorney with nine years of experience but no prior civil rights litigation experience an hourly rate of $480 per hour. The *Smith* case supports my request for an hourly rate of $700 because unlike the nine-year attorney in *Smith*, who had no prior civil rights litigation experience, I am a fifteen-year attorney with substantial civil rights litigation experience. *See also Avila v. Los Angeles Police Dep't*, No. CV 11-01326 SJO (FMOx), 2012 WL 12894470, at *7 (C.D. Cal. Aug. 2, 2012), aff'd, 758 F.3d 1096 (9th Cir. 2014) (awarding associate attorneys $550 per hour for § 1983 litigation in 2012); *Dugan v. Cty. of Los Angeles*, 2014 WL 12577377, at *3 (C.D. Cal. Mar. 3, 2014) (awarding $650 per hour for an attorney with no civil rights experience for excessive force case); *Restivo v. Nassau County*, No. 06-CV-6720(JS)(SIL), 2015 WL 7734100, at *3 (E.D. N.Y. Nov. 30, 2015) (awarding $500 per hour for an attorney with nine years of experience); *Charlebois v. Angels Baseball LP*, 993 F. Supp. 2d 1109, 1118 (C.D. Cal. 2012) (awarding $500 per hour for an attorney with six years of experience in 2012 in an ADA case)

1     I declare under penalty of perjury under the laws of California that the foregoing is
2 true and correct and that this declaration was executed this 13th day of December, 2023, at
3 South Pasadena, California.
4
5
6                                                  */s/ Michael S. Carrillo*
7                                           Michael S. Carrillo
8                                           Attorney for Plaintiffs

9

DECLARATION OF MICHAEL S. CARRILLO IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

# EXHIBIT 1

**Michael S. Carrillo, Esq.**
*Zelaya v. City of Los Angeles*
**Attorney Fee Tracking Record**              **Case No. 2:20-cv-08382-ODW-MAA**

| Date | Description | Hours |
|---|---|---|
| 9/12/20 | Reviewed publicly released LAPD body cam footage (.5). Prepared Complaint for Damages (1.5) | 2.0 |
| 9/16/20 | Conference call with client | 0.3 |
| 10/19/20 | Reviewed Answer filed by Defendant City of Los Angeles | 0.3 |
| 10/20/20 | Review Scheduling Conference Order | 0.2 |
| 1/12/21 | Assisted in preparing the proposed Rule 26(f) Report | 0.4 |
| 1/20/21 | Review changes by Defendants to the proposed Rule 26(f) Report (0.1) and email defense counsel with modification requests using Track Changes (0.2) | 0.3 |
| 3/4/21 | Prepared the Plaintiff's Initial Disclosures | 0.6 |
| 3/30/21 | Prepared Plaintiff's Request for Production of Documents, Set One | 1.1 |
| 4/21/21 | Meet with office staff and associate counsel to discuss the case | 0.2 |
| 5/6/21 | Review responses to Request for Production of Documents, Set One by Defendant including privilege log and Declaration of Det. Lozano | 0.7 |
| 5/6/21 | Work on proposed Protective Order | 0.8 |
| 5/7/21 | Meet with staff to discuss case and requests for medical records | 0.1 |
| 5/17/21 | Prepared Joint Stipulation to Amend the Complaint (0.5), Proposed Order re Amendment (0.1), and sent to Defendant's counsel (0.1) | 0.7 |
| 5/19/21 | Prepared First Amended Complaint for Damages including adding Defendant officers | 1.2 |
| 6/7/21 | Reviewed Supplemental Disclosures by Defendant | 0.4 |
| 8/17/21 | Reviewed Documents produced in response to Plaintiff's Request for Production, Set One | 1.8 |
| 9/29/21 | Review Answer filed by Defendants Richmond and Hunt | 0.2 |
| 10/15/21 | Review RFP and Interrogatories served by Defendant and begin discovery responses | 0.4 |
| 4/5/22 | Conference call with Plaintiff's counsel to discuss case | 0.2 |
| 4/5/22 | Attended deposition of Dustin Richmond | 2.2 |
| 4/6/22 | Attended deposition of Joseph Hunt | 2.2 |

**Michael S. Carrillo, Esq.**
*Zelaya v. City of Los Angeles*
**Attorney Fee Tracking Record**             **Case No. 2:20-cv-08382-ODW-MAA**

| Date | Description | Hours |
|---|---|---|
| 6/3/2022 | Discussion with Plaintiff's retained expert Dr. Dan Wohlgelernter regarding case | 0.4 |
| 6/6/22 | Deposition Scheduling | 0.1 |
| 6/14/22 | Discussion with expert Samir Lyons regarding case | 0.3 |
| 6/30/22 | Assisted in preparing the 30(b)(6) Deposition Notice | 0.2 |
| 7/8/22 | Reviewed expert report by Jeffrey Noble | 0.7 |
| 7/22/22 | Prepared draft expert disclosure | 0.8 |
| 7/26/22 | Meeting with expert Samir Lyons via videoconference | 0.4 |
| 7/27/22 | Reviewed Rule 26 report by Plaintiff's expert Samir Lyons | 0.3 |
| 7/27/22 | Reviewed Rule 26 report by Plaintiff's expert, Dr. Daniel Wohlgelernter | 0.7 |
| 7/29/22 | Reviewed and made modifications to mediation brief | 0.4 |
| 7/31/22 | Prepared for mediation | 0.6 |
| 8/1/22 | Mediation with Richard Copeland | 1.0 |
| 8/11/22 | Review letter from Defendants regarding proposed motions in limine | 0.2 |
| 8/16/22 | Assisted in preparing draft motions in limine | 2.3 |
| 9/7/22 | Deposition of Defendant's expert, Edward Flosi | 2.5 |
| 9/8/22 | Deposition of Plaintiff's expert, Dr. Daniel Wohlgelernter | 2.8 |
| 9/12/22 | Worked on Plaintiff's motion in limine | 1.2 |
| 9/13/22 | Reviewed pretrial documents with co-counsel | 1.1 |
| 9/14/22 | Reviewed exhibit list and witness list prepared by co-counsel | 0.7 |
| 9/15/22 | Deposition of Plaintiff's expert, Samir Lyons | 2.4 |
| 9/15/22 | Reviewed court's order continuing trial | 0.1 |
| 9/16/22 | Reviewed meet and confer email with counsel for Defendant regarding modified scheduling order | 0.1 |
| 9/29/22 | Reviewed meet and confer correspondence with co-counsel and Defendant's counsel re: proposed trial dates | 0.2 |
| 10/3/22 | Meeting with Dr. Bennett Omalu at the LA County Coroner's office | 2.2 |

**Michael S. Carrillo, Esq.**
*Zelaya v. City of Los Angeles*
**Attorney Fee Tracking Record**                      **Case No. 2:20-cv-08382-ODW-MAA**

| Date | Description | Hours |
|---|---|---|
| 10/4/22 | Reviewed and responded to email correspondence with Defendants' counsel re: proposed trial dates and taking trial witnesses out of order | 0.2 |
| 10/21/22 | Deposition scheduling regarding Dr. Omalu with Defendants' counsel | 0.1 |
| 11/1/22 | Expert scheduling with Dr. Daniel Wohlgelernter | 0.1 |
| 11/11/22 | Reviewed email from Defendants regarding scheduling of Dr. Flosi deposition (0.1) and review of materials provided by Dr. Flosi (1.3) | 1.4 |
| 11/28/22 | Reviewed email regarding scheduling of expert depositions by new counsel for Defendants | 0.1 |
| 12/1/22 | Reviewed and responded to email regarding scheduling of expert depositions by counsel for Defendants | 0.1 |
| 1/4/23 | Deposition scheduling | 0.1 |
| 1/17/23 | Reviewed composite video prepared by Plaintiff's tech expert | 0.6 |
| 1/25/23 | Prepared opposition to Defendant's Motion in Limine Number 2 (George Floyd) | 1.6 |
| 1/26/23 | Assisted in preparing opposition to Defendant's Motion in Limine No. 1 (Training Bulletins) (1.4); Finalized Opposition to Defendant's Motion in Limine No. 2 (0.4) | 1.8 |
| 1/26/23 | Reviewed proposed jury instructions prepared by co-counsel (0.5); Reviewed and edited Statement of the Case (0.4) | 0.9 |
| 1/29/23 | Provided further edits to proposed joint trial documents with co-counsel | 1.4 |
| 1/30/23 | Further edited joint exhibit list | 1.1 |
| 1/31/23 | Reviewed email correspondence between defense counsel and judicial assistant re: unavailability of counsel | 0.2 |
| 2/1/23 | Email correspondence with co-counsel, judicial assistant, and Plaintiff's experts re: trial date and availability | 0.2 |
| 2/2/23 | Review email from judicial assistant re: scheduling | 0.1 |
| 2/7/23 | Deposition scheduling (0.1); Communication with co-counsel re: scheduling (0.2) | 0.3 |
| 2/9/23 | Prepared for deposition of Bennet Omalu | 0.8 |
| 2/10/23 | Deposition of Plaintiff's retained expert, Dr. Bennet Omalu | 2.0 |
| 2/12/23 | Prepared for the deposition of Plaintiff's expert, Jeff Noble | 0.8 |

**Michael S. Carrillo, Esq.**
*Zelaya v. City of Los Angeles*
**Attorney Fee Tracking Record**               **Case No. 2:20-cv-08382-ODW-MAA**

| Date | Description | Hours |
|---|---|---|
| 2/13/23 | Deposition of Plaintiff's retained expert, Jeff Noble | 1.1 |
| 2/15/23 | Prepared for the deposition of Gary Vilke | 0.6 |
| 2/16/23 | Deposition of Gary Vilke | 2.0 |
| 2/22/23 | Deposition of Michael Chaikin (2.0); email correspondence with defense counsel re: trial scheduling (0.1) | 2.1 |
| 3/1/23 | Email correspondence with defense counsel re: proposed trial date and review calendar for dates | 0.3 |
| 3/14/23 | Further email correspondence with defense counsel re: proposed trial date | 0.1 |
| 3/17/23 | Met and conferred with counsel for Defendants regarding trial | 0.2 |
| 3/20/23 | Review court order re: trial and pretrial dates | 0.2 |
| 7/19/23 | Met and conferred with counsel for Defendant regarding trial documents (0.2); Reviewed pretrial documents to narrow the issues for trial (1.0) | 1.2 |
| 7/21/23 | Reviewed trial documents with co-counsel's office | 1.3 |
| 7/2023 | Further reviewed trial documents with co-counsel's office | 0.6 |
| 8/2/23 | Prepared Request to Appear Remote, Declaration, and proposed order due to traveling to see family abroad and desire to appear at FSC remotely (1.2); prepared and sent to Defendants' counsel who responded that they did not oppose (0.2) | 1.4 |
| 8/21/23 | Prepared brief on bifurcation issue and sent to co-counsel | 2.3 |
| 8/23/23 | Reviewed and responded to various emails from Ms. English and counsel for Defendants regarding trial date | 0.3 |
| 8/28/23 | Reviewed Plaintiff's trial exhibits, including video footage of incident | 2.1 |
| 9/25/23 | Discuss settlement potential with Plaintiff's team | 0.2 |
| 9/29/23 | Review Defendants' exhibits | 0.8 |
| 10/2/23 | Reviewed emails regarding scheduling from co-counsel (1.2) | 1.2 |
| 10/4/23 | Participated in trial preparation meeting (0.5); Reviewed email from co-counsel regarding joint amended exhibit stipulation (0.1) | 0.6 |

**Michael S. Carrillo, Esq.**
*Zelaya v. City of Los Angeles*
**Attorney Fee Tracking Record**            Case No. 2:20-cv-08382-ODW-MAA

| Date | Description | Hours |
|---|---|---|
| 10/9/23 | Prepared trial reports (work product), deposition summaries, and exhibits to be played for the jury during trial (2.2); phone call with client to discuss trial (0.3) | 2.5 |
| 10/10/23 | Trial, Day 1, including preparing witness outlines for witnesses to be examined | 14 |
| 10/11/23 | Trial, Day 2 | 8 |
| 10/12/23 | Trial, Day 3, including further review of expert reports | 9.5 |
| 10/13/23 | Trial, Day 4 | 16 |
| 10/24/23 | Reviewed email from co-counsel re: proposed stipulation for extended briefing schedule | 0.1 |
| 11/2/23 | Reviewed email from co-counsel to counsel for Defendants re: proposed judgment and post-trial briefing schedule | 0.1 |
| 11/13/23 | Reviewed email from co-counsel to Defendants' counsel re: stipulation to continue the post-trial briefing schedule | 0.1 |
| 11/16/23 | Reviewed request by Defendants for stay of enforcement of judgment | 0.2 |
| 12/12/23 | Prepared my timesheet and declaration for Plaintiff's attorney fee motion | 3.6 |
| 12/12/23 | Reviewed Defendants' motion for a new trial | 0.7 |
| 12/13/23 | Assisted in preparing arguments related to alleged judicial misconduct | 0.6 |
| 12/13/23 | Finalized my portions of Plaintiff's attorney fee motion and related documents | 2.6 |

| | |
|---|---|
| TOTAL HOURS BILLED: 128.5 | |
| Hourly Rate Requested: $700 | |
| Total Requested: $89,950.00 | |