# EXHIBIT 22

Electronically FILED by Superior Court of California, County of Los Angeles on 01/11/2023 07:52 PM David W. Slayton, Executive Officer/Clerk of Court, by K. Hung,Deputy Clerk

ALAN A. GREENBERG, State Bar No. 150827
 AGreenberg@GGTrialLaw.com
WAYNE R. GROSS, State Bar No. 138828
 WGross@GGTrialLaw.com
MICHAEL H. STRUB JR., State Bar No. 153828
 MStrub@GGTrialLaw.com
DAVID T. SHACKELFORD, State Bar No. 318149
 DShackelford@GGTrialLaw.com
GREENBERG GROSS LLP
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

Attorneys for Defendant Phoebe Bridgers

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| CHRIS NELSON, an individual,<br><br>Mr. Nelson,<br><br>v.<br><br>PHOEBE BRIDGERS, an individual; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. 21STCV35635<br><br>**DECLARATION OF MICHAEL H. STRUB, JR. IN SUPPORT OF DEFENDANT PHOEBE BRIDGERS'S MOTION FOR ATTORNEY'S FEES**<br><br>Filed Concurrently with Notice of Motion and Motion, Memorandum of Points and Authorities, Declaration of Deborah S. Mallgrave, and [Proposed] Order<br><br>Date:     March 9, 2023<br>Time:     8:30 a.m.<br>Dept.:     72<br><br>Reservation No.: 013205082792<br><br>Assigned for All Purposes to:<br>Hon. Curtis A. Kin, Dept. 72<br><br>Action Filed:          September 28, 2021 |

## DECLARATION OF MICHAEL H. STRUB JR.

I, Michael H. Strub Jr., declare as follows:

1. I am an attorney, duly licensed to practice law in the State of California. I am a partner with the law firm Greenberg Gross LLP, counsel of record for defendant Phoebe Bridgers in this action. The facts stated herein are within my personal knowledge and if called upon to testify, I can truthfully and competently do so as to all matters herein.

2. I make this declaration in support of defendant Phoebe Bridgers's Motion for Attorney's Fees (the "Motion") related to her successful special motion to strike pursuant to California Code of Civil Procedure section 425.16 (the "anti-SLAPP motion").

3. In pursuing the anti-SLAPP motion, Ms. Bridgers has incurred attorney's fees in the amount of $585,196.50. Ms. Bridgers also has incurred $36,902.50 in fees in connection with this motion. Ms. Bridgers is therefore entitled to a total award of $622,099.00 in attorney's fees for successfully pursuing the anti-SLAPP motion.

4. The attorney's fees incurred in the representation of Ms. Bridgers in this matter are reflected in the billing records of Greenberg Gross. Attached hereto as **Exhibit A** are true and correct redacted copies of Greenberg Gross invoices through December 31, 2022 reflecting the fees that she was billed in this matter. Reported in tenths of an hour, these invoices describe in detail the legal work that Greenberg Gross performed in pursing the anti-SLAPP motion and the resulting fees incurred. One erroneous entry for $328.50 has been redacted from the June 2022 invoice and subtracted from the total of fees requested.

5. Greenberg Gross was well aware of Ms. Bridgers's reputation advocating for women's rights and social justice and agreed to represent Ms. Bridgers on a partial pro bono basis given that Mr. Nelson's claims arose from Ms. Bridgers's brave choice to speak out against her former abuser. Specifically, Greenberg Gross provided Ms. Bridgers with a 30 percent discount on its ordinary and customary billing rate.

6. The information regarding Greenberg Gross's time and fees is taken from time and expense records prepared and maintained contemporaneously by the firm in the ordinary course of business. I reviewed the printed billing records to confirm the accuracy of the entries on the

printouts as well as the reasonableness of the time and expenses in the litigation. I also directed the review and redaction of information protected by the attorney-client privilege and work product doctrine from the billing records.

I.   **Hours expended in litigation**

7.   On February 14, 2022, Ms. Bridgers filed her anti-SLAPP motion. There are numerous published decisions interpreting and applying the anti-SLAPP statute, and the anti-SLAPP motion required substantial research and analysis concerning the issues that triggered that statute as applied to Mr. Nelson's complaint. These included establishing that Instagram was a public forum, that Ms. Bridgers's statements were on an issue of public interest, that Mr. Nelson was a limited purpose public figure, and that Mr. Nelson had not proven actual malice by clear and convincing evidence.

8.   Ms. Bridgers's anti-SLAPP motion was originally scheduled to be heard on March 10, 2022. On February 22, 2022, Mr. Nelson filed an *ex parte* application to take discovery, including taking Ms. Bridgers's deposition. The same day, Ms. Bridgers filed an opposition to the *ex parte* application.

9.   On March 3, 2022, Mr. Nelson filed a noticed motion to permit the deposition of Ms. Bridgers and to require her to produce documents. Ms. Bridgers opposed the motion.

10.  Attached hereto as **Exhibit B** is a true and correct copy of the notice of deposition and request for production of documents, which Mr. Nelson served on April 4, 2022.

11.  On April 5, 2022, prior to the deposition, Ms. Bridgers's and Mr. Nelson's counsel executed the Protective Order, which the Court approved on April 11, 2022.

12.  On April 8, 2022, at her deposition, Ms. Bridgers produced 332 pages of documents responsive to Mr. Nelson's discovery request. I designated the entire deposition transcript and document production as "Confidential" under the Protective Order.

13.  On May 11, 2022, Mr. Nelson's counsel notified Ms. Bridgers's counsel that Mr. Nelson was disputing all Ms. Bridgers's confidentiality designations, and they filed an *ex parte* application asking the Court to de-designate the deposition transcript and her text messages.

-4-

14. On July 13, 2022, Ms. Bridgers filed a motion to uphold the confidentiality designations.

15. On July 26, 2022, Mr. Nelson filed his opposition to the anti-SLAPP motion. In support of his opposition, Mr. Nelson lodged conditionally under seal material designated as confidential under the Protective Order. On August 1, 2022, Mr. Nelson filed a motion to seal records lodged in connection with the anti-SLAPP motion and to strike irrelevant material from those records (the "Motion to Seal and Strike"). The motion was scheduled to be heard on November 8, 2022, but was later continued to November 16.

16. On August 11, 2022, this Court heard arguments related to the anti-SLAPP motion and the motion to uphold confidentiality designations and took the matters under submission.

17. On October 26, 2022, I sent an email to Mr. Hughes and Ms. Hunter of Clark Hill, LLP proposing to significantly limit the scope of Ms. Bridgers's confidentiality designations in an attempt to meet and confer with Mr. Nelson's counsel regarding the Motion to Seal and Strike. As part of those efforts, I agreed to multiple extensions for Mr. Nelson to file his opposition to the Motion to Seal and Strike so the parties could attempt to resolve the issue. Attached hereto as **Exhibit C** is a true and correct copy of a series of email communications that I had with Mr. Hughes and Ms. Hunter of Clark Hill, LLP between Wednesday, October 26, 2022, and Monday, October 31, 2022. Ultimately, Mr. Nelson's counsel refused to meet and confer on the subject of the redactions and insisted that every portion of Ms. Bridgers's deposition testimony and document production be included in the public record. Attached hereto as **Exhibit D** is a true and correct copy of an email that I received from Mr. Hughes on November 1, 2022. On November 1, 2022, Mr. Nelson filed his opposition to Ms. Bridgers's Motion to Seal and Strike.

18. On November 3, 2022, Ms. Bridgers filed her reply in support of her Motion to Seal and Strike and also provided the Court with the redactions that Ms. Bridgers's counsel proposed to Mr. Nelson's counsel.

19. On November 16, 2022, the Court heard Ms. Bridgers's Motion to Seal and Strike.

## II. Explanation of fees sought by this motion

20. Throughout the case, Greenberg Gross staffed the matter leanly. I managed the case as lead counsel with the assistance primarily of one associate, Colin Quinlan, and one paralegal, Emily Long. Cheryl Winsten, my assistant, also performed a number of tasks that in my experience at my prior law firms typically are performed by paralegals. These tasks were not billed to Ms. Bridgers.

21. The time spent by my firm in this case was reasonable and necessary in light of the amount of work accomplished and the results obtained and was directly related to the anti-SLAPP motion proceedings. As demonstrated in the detailed time entries included in Exhibit A to this declaration, pursuing the anti-SLAPP motion and litigating related issues took considerable time and legal skill.

22. Ms. Bridgers's counsel's hourly rates for 2022 range from $295-$345 for paralegals and other professionals, $500-$695 for associates and counsel, and $1095-$1400 for partners. Below is a chart that summarizes the number of hours spent by professionals from my firm who performed work on this case since its inception through December 31, 2022. This chart does not include additional time spent on this Motion after December 31, 2022.

23. The chart includes the name of the professionals who worked on this case, their position at Greenberg Gross, their law school graduation year (where applicable), their standard hourly billing rates for 2022, the number of hours they spent, the resulting lodestar for each such timekeeper, and the lodestar reflecting the 30 percent courtesy discount provided to Ms. Bridgers in this matter.

| Name of Professional, Position & Law School Graduation Year | Hours (2022) | Hourly Rate (2022) | Total Fees (2022) |
|---|---|---|---|
| Alan A. Greenberg (Partner, 1988) | 3.4 | $1,400.00 | $4,760.00 |
| Wayne R. Gross (Partner, 1988) | 25.9 | $1,400.00 | $36,260.00 |
| Michael H. Strub, Jr. (Partner, 1990) | 312.1 | $1,095.00 | $341,749.50 |
| Claire-Lise Y. Kutlay (Counsel, 2015) | 9.4 | $695.00 | $6,533.00 |

| | | | |
|---|---|---|---|
| Colin V. Quinlan (Associate, 2014) | 267 | $695.00 | $185,565.00 |
| David T. Shackelford (Associate, 2017) | 39.6 | $655.00 | $25,938.00 |
| Desiree M. Murray (Associate, 2019) | 0.9 | $495.00 | $445.50 |
| Adrianna Gutierrez (Paralegal) | 0.1 | $345.00 | $34.50 |
| Emily Long (Paralegal) | 15.3 | $295.00 | $4,513.00 |
| **TOTAL (2022)** | 673.7 | | $605,799.00 |

| Name of Professional, Position & Law School Graduation Year | Honrs (2021) | Hourly Rate (2021) | Total Fees (2021) |
|---|---|---|---|
| Alan A. Greenberg (Partner, 1988) | .3 | $1,200.00 | $360.00 |
| Michael H. Strub, Jr. (Partner, 1990) | 12.8 | $985.00 | $12,608.00 |
| Colin V. Quinlan (Associate, 2014) | 5.6 | $595.00 | $3,332.00 |
| **TOTAL (2021)** | 18.7 | | $16,300.00 |

24. As of December 31, 2022, the number of hours spent on this case by the listed time keepers in my firm was 692.4 hours. The total lodestar for attorney and paralegal time billed through December 31, 2022 is $622,099.00.

25. Ms. Bridgers has incurred $36,902.50 in fees on this motion through December 31, 2022, which includes 44.7 hours by her attorneys. That amount is included in the amount of $622,099.00.

26. Greenberg Gross is an elite litigation firm that serves clients from offices in Los Angeles and Orange County, California; Las Vegas, Nevada; and New York, New York. Greenberg Gross is routinely retained to represent leading companies, executives, celebrities, artists, and other high-profile individuals in complex litigation matters. Its attorneys have a great deal of experience in a wide range of areas of law, including complex litigation, fraud, business, torts, contract law, and defamation. The firm has earned numerous accolades, including being named as one of California's Top Boutiques by the *Daily Journal*.

27. The hourly rates in the above chart are the standard rate schedule set by my firm for its attorneys and paralegals in 2022. Based on my experience, I believe the rates charged by my firm do not exceed the rates charged by other firms in the Los Angeles are that handle complex business litigation. The skill and experience of each of the attorneys and legal professionals that worked on this case justifies their hourly rates.

28. I am a partner at Greenberg Gross. I have been litigating cases for more than 30 years in state and federal courts throughout the country. I have regularly appeared on the list of California's Super Lawyers. I am admitted to practice in California and the District of Columbia, and admitted to the bar of the United States Supreme Court, the Ninth Circuit Court of Appeals, every district court in California, and the United States Court of International Trade. I earned my Bachelor of Science in Foreign Service degree from Georgetown University in 1987, and earned my juris doctorate from University of Texas School of Law, highest honors, in 1990.

29. Alan A. Greenberg is one of the founding partners of Greenberg Gross. Mr. Greenberg has been litigating cases for more than 30 years in both state and federal court throughout the U.S., representing entities and individuals in high-profile, bet-the-company litigation and arbitration. Two of his trial verdicts have been listed as among the Top Verdicts of the Year in California. Mr. Greenberg has been recognized as an "Elite Boutique Trailblazer" by the *National Law Journal,* a "California Trailblazer" by *The Recorder*, a Top 100 Lawyers in California by the *Daily Journal,* and has been named to the list of The Best Lawyers in America and Super Lawyers. Mr. Greenberg is admitted to practice in California, New York, and Nevada, as well as several federal district and appellate courts. Mr. Greenberg earned his Bachelor of Arts degree from Cornell University in 1985, and earned his juris doctorate from Boston University, *cum laude,* in 1988.

30. Wayne R. Gross is one of the founding partners of Greenberg Gross. Mr. Gross has been litigating cases for more than 30 years in both state and federal court throughout the U.S., representing entities and individuals in high-profile, bet-the-company litigation and arbitration. Three of his trial verdicts have been listed as among the Top Verdicts of the Year in California. Mr. Gross has been repeatedly selected for inclusion in The Best Lawyers in America, including

STRUB DECLARATION IN SUPPORT OF MOTION FOR ATTORNEY'S FEES

most recently being named "Lawyer of the Year – Litigation – Regulatory Enforcement" in Los Angeles by The Best Lawyers in America 2021. He has been recognized as an "Elite Boutique Trailblazer" and a "Winning Litigator" by the *National Law Journal*, has been included three times as Top 100 Lawyers in California by the *Daily Journal*, and has been named to the list of The Best Lawyers in America and Super Lawyers. Mr. Gross is admitted to practice in California, as well as several federal district and appellate courts. Mr. Gross earned his Bachelor of Science degree from the University of San Francisco, *cum laude*, in 1985, and earned his juris doctorate from the University of California, Hastings College of Law, *magna cum laude*, in 1988.

31. Claire-Lise Y. Kutlay is counsel in the Los Angeles office of Greenberg Gross, and has been litigating cases for seven years in both state and federal court through the U.S., representing individuals and entities in high-profile, bet-the-company litigation and arbitration. Ms. Kutlay's experience includes serving as the lead associate during two jury trials, second chair in a bench trial, and lead (and sole) counsel in a bench trial and separate arbitration. Two of her trial verdicts have been listed as among the Top Verdicts of the Year in California in 2018. In each year from 2020 to 2022, Ms. Kutlay has been named a "Rising Star" for Southern California by SuperLawyers—a distinction received by less than 2.5% of attorneys. Ms. Kutlay is admitted to practice in California, as well as several federal district and appellate courts. Ms. Kutlay earned her Bachelor of Arts degree in 2011 from the University of Victoria, and earned her juris doctorate from the University of California, Irvine School of Law, *cum laude*, in 2015.

32. Colin V. Quinlan is an associate in the Los Angeles office of Greenberg Gross, and has been litigating cases for seven years in both state and federal court through the U.S. Prior to joining Greenberg Gross, Mr. Quinlan clerked for Judge James Donato of the U.S. District Court for the Northern District of California. Mr. Quinlan has represented clients in a range of high-stakes matters ranging from trade secrets and intellectual property litigation to governmental investigations. Mr. Quinlan is admitted to practice in California and New York, as well as the United States District Court for the Southern District of New York. Mr. Quinlan earned his Bachelor of Arts degree from the University of Chicago in 2009, and earned his juris doctorate from the Columbia Law School in 2014.

33. David T. Shackelford is an associate in the Los Angeles office of Greenberg Gross, and has been litigating cases for five years in both state and federal court through the U.S. His experience includes representing individuals and entities in a range of high-stake complex commercial litigation matters ranging from breach of contract disputes to intellectual property litigation. Mr. Shackelford is admitted to practice in California, as well as several federal district and appellate courts. He earned his Bachelor of Science degree from University of Utah, *magna cum laude,* in 2013, and earned his juris doctorate from Harvard Law School in 2017.

34. Desiree N. Murray is an associate in the Orange County office of Greenberg Gross, and has been litigating cases for three years in both state and federal court. Ms. Murray is admitted to practice in California, as well as the United States District Court for the Central District of California. Ms. Murray earned her Bachelor of Arts degree in 2016 from American University, and earned her juris doctorate from the University of California, Irvine School of Law, *cum laude*, in 2019.

35. Adrianna Gutierrez was a paralegal in the Los Angeles office of Greenberg Gross. She has been working as a civil litigation paralegal for over 17 years.

36. Emily Long is a paralegal in the Los Angeles office of Greenberg Gross. She has been working as a civil litigation paralegal for over two years. Her work on this matter included preparing the redactions to Ms. Bridgers's deposition transcript and document production, organizing the evidence and preparing exhibits for motions.

37. Attached hereto as **Exhibit E** is a true and correct copy of the 2017 National Law Journal Billing Survey. Each firm that I previously have been employed by raised its rates each calendar year, typically by approximately 10%.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 11, 2023



Michael H. Strub Jr.

-9-
STRUB DECLARATION IN SUPPORT OF MOTION FOR ATTORNEY'S FEES