# EXHIBIT 9

REDACTED

FILED
CLERK, U.S. DISTRICT COURT
04/07/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___NP___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| Tracy Alves,<br><br>    Plaintiff,<br><br>v.<br><br>Riverside County, et al.<br><br>    Defendants. | Case No. 5:19-CV-02083-JGB<br><br>**SPECIAL VERDICT FORM** |

### SPECIAL VERDICT FORM

**Instructions:** When answering the following questions and filling out this Verdict Form, please follow the directions provided. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions provided to you. Please refer to the Jury Instructions if you are unsure about the meaning of any legal term that appears in the questions below.

### JURY VERDICT

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this Court as our Verdict in this case:

**Question # 1: Did Deputy Brian Keeney and/or Deputy Sonia Gomez use excessive or unreasonable force or restraint against Kevin Niedzialek?**

_____ YES        \_\_\_✓_____ NO

*If you answered "Yes" to Question # 1, please proceed to Question # 2.*
*If you answered "No" to Question # 1, please skip Question # 2 and proceed to Question # 3.*

**Question # 2: Was the use of excessive or unreasonable force or restraint a cause of injury, harm, loss, or death to Kevin Niedzialek?**

_____ YES        _____ NO

*Please answer Question # 3.*

**Question # 3: Were Deputy Brian Keeney and/or Deputy Sonia Gomez negligent after Kevin Niedzialek was restrained?**

\_\_\_✓_____ YES        _____ NO

*If you answered "Yes" to Question # 3, please answer Question # 4.*
*If you answered "No" to Question # 3, but "Yes" to Questions # 1 and # 2, please skip Questions # 4-7 and proceed to answer Question # 8.*
*If you answered "No" to Question # 3 <u>and</u> "No" to Question # 1 or # 2, please sign and return this form.*

1

**Question # 4: Was either Deputies' negligence a cause of Kevin Niedzialek's death?**

\_\_\_✓\_\_\_ YES   _____ NO

*If you answered "Yes" to Question # 4, please answer Question # 5.*
*If you answered "No" to Question # 4, but "Yes" to Questions # 1 and # 2, please skip Questions # 5-7 and proceed to answer Question # 8.*
*If you answered "No" to Question # 4, <u>and</u> "No" to Question # 1 or # 2, please sign and return this form.*

**Question # 5: Was Kevin Niedzialek negligent?**

\_\_\_✓\_\_\_ YES   _____ NO

*If you answered "Yes" to Question # 5, please proceed to Question # 6.*
*If you answered "No" to Question # 4, but "Yes" to Questions # 1 and # 2, please skip Questions # 6-7 and proceed to answer Question # 8.*
*If you answered "No" to Question # 5, <u>and</u> "No" to Questions # 1 or # 2, please skip Questions # 6-18 and proceed to Question # 19.*

**Question # 6: Was Kevin Niedziakek's negligence a cause of his death?**

\_\_\_✓\_\_\_ YES   _____ NO

*If you answered "Yes" to Question # 6, please proceed to Question # 7.*

2

*If you answered "No" to Question # 6, but "Yes" to Questions # 1 and # 2, please skip Question # 7 and proceed to Question # 8.*

*If you answered "No" to Question # 6, <u>and</u> "No" to Question # 1 or # 2, please skip Questions # 7–18 and proceed to Question # 19.*

**Question # 7: What percentage of responsibility for Kevin Niedzialek's death do you assign to the negligent conduct, if any, of the following?**

| | | |
|---|---:|---|
| Deputy Brian Keeney | 10 | % |
| Deputy Sonia Gomez | 10 | % |
| Kevin Niedzialek | 80 | % |
| TOTAL | 100% | |

*If you answered "Yes" to Questions # 1 and # 2, please proceed to Question # 8.*
*If you answered "No" to Question # 1 or # 2, please skip Questions # 8–18 and proceed to Question # 19.*

**Question # 8: Did Defendant Sheriff-Coroner Bianco disregard the known or obvious consequence that a particular training deficiency or omission would cause his deputies to violate Kevin Niedzialek's constitutional rights?**

_____ YES          _____ NO

*If you answered "Yes" to Question # 8, please proceed to Question # 9.*
*If you answered "No" to Question # 8, please skip Questions # 9–10 and proceed to Question # 11.*

3

**Question # 9:** Was Defendant Sheriff-Coroner Bianco's disregard for the inadequate training of his deputies a cause of injury, loss, damage, harm or death to Kevin Niedzialek?

_____ YES     _____ NO

*If you answered "Yes" to Question # 9, please proceed to Question # 10.*
*If you answered "No" to Question # 9, please skip Question # 10 and proceed to Question # 11.*

**Question # 10:** Was Defendant Sheriff-Coronor Bianco's disregard for the inadequate training of his deputies so closely related to the deprivation of Kevin Niedzialek's rights as to be the moving force that caused Kevin Niedzialek's ultimate injury, loss, damage, harm or death?

_____ YES     _____ NO

*Please proceed to question # 11.*

**Question # 11:** Did the County of Riverside have a policy, practice or custom with regard to prone restraint and positional/restraint asphyxia that violated the constitutional right to be free from excessive or unreasonable force?

_____ YES     _____ NO

*If you answered "Yes" to Question # 11, please proceed to Question # 12. If you answered "No" to Question # 11, please skip Question # 12 and proceed to Question # 13.*

4

**Question # 12:** Was the County of Riverside's unconstitutional policy, practice, or custom a moving force that caused injury, damage, harm, or death to Kevin Niedzialek?

_____ YES          _____ NO

*Please proceed to Question # 13.*

**Question # 13:** Did the County of Riverside fail to adequately train its deputies with regards to prone restraint and positional/restraint asphyxia?

_____ YES          _____ NO

*If you answered "Yes" to Question # 13, please proceed to Question # 14. If you answered "No" to Question # 13, please skip Question # 14 and proceed to Question # 15.*

**Question # 14:** Was the County of Riverside deliberately indifferent to the known or obvious consequences of its failure to train its deputies adequately?

_____ YES          _____ NO

*If you answered "Yes" to Question # 14, please proceed to Question # 15. If you answered "No" to Question # 14, please skip Question # 15 and proceed to Question # 16.*

5

**Question # 15:** Did the County of Riverside's failure to adequately train its deputies play a substantial part in bringing about or actually causing Kevin Niedzialek's injury, damage, harm or death?

_____ YES   _____ NO

*If you answered "Yes" to Questions # 1 <u>and</u> # 2, please proceed to Question # 16.*
*If you answered "No" to either Question #1 or #2, please skip Questions # 16-17 and proceed to Question #18.*

**Question # 16:** Did Sheriff-Coroner Chad Bianco have final policymaking authority from defendant Riverside County concerning the acts and failures to act of Deputies Brian Keeney and Sonia Gomez?

_____ YES   _____ NO

*If you answered "Yes" to Question # 16, please proceed to Question # 17.*
*If you answered "No" to Question # 16, please skip Question # 17 and proceed to the instructions below Question # 18.*

6

**Question # 17:** Did Sheriff-Coroner Chad Bianco know of and specifically make a deliberate choice to approve Deputies Brian Keeney's and Sonia Gomez's acts and failures to act with respect to Kevin Niedzialek and the basis for it?

_____ YES        _____ NO

*If you answered "Yes" to any of the following questions in combination with one another: Questions # 8–10; Questions # 11 and 12; Questions # 13–15; Questions #16 and 17; please proceed to Question # 18.*
*If you did not do any of the above, but you answered "Yes" to Questions #3 and #4, please skip Question #18 and proceed to Question # 19.*

**Question # 18:** What are Kevin Niedzialek's damages for his pre-death pain and suffering and loss of enjoyment of life?

   Pre-death pain and suffering  $_____

   Loss of life  $_____

*Please proceed to Question # 19.*

7

**Question # 19: What are Plaintiff Tracy Alves' damages?**

Past loss of Kevin Niedzialek's love, companionship, comfort, care, assistance, protection, society and support    $ 1.5 Million

Future loss of Kevin Niedzialek's love, companionship, comfort, care, assistance, protection, society and support    $ 6 Million

*If you answered "Yes" to Questions # 8-10 in combination with one another, and/or Questions # 16-17 in combination with one another, please proceed to Question # 20. If you did not answer Questions # 8, 9, 10, 16 or 17, or you answered "No" to any of Questions # 8, 9, 10, 16, or 17, please sign and return this form.*

**Question # 20: Did Chad Bianco act with malice, oppression, or in reckless disregard of Kevin Niedzialek's rights?**

_____ YES    _____ NO

*Please sign and date the verdict fo[rm]*

April 7, 2023

Date                Jury Foreperson

8