Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Melinda Cantrall, State Bar No. 198717
E-Mail: mcantrall@hurrellcantrall.com
Diane Martinez, State Bar No. 276499
E-Mail: dmartinez@hurrellcantrall.com
HURRELL CANTRALL LLP
725 S. Figueroa Street, Suite 3800
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants, CITY OF LOS ANGELES, OFFICER DUSTIN RICHMOND AND OFFICER JOSEPH HUNT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NICOLE JUAREZ ZELAYA, Individually and as Successor-In-Interest to Decedent, JACOB JUAREZ CEDILLO,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, OFFICER DUSTIN RICHMOND as Doe 1, OFFICER JOSEPH HUNT as Doe 2 and DOES 3 THROUGH 10, Inclusive,<br><br>Defendants. | Case No. 2:20-cv-08382-ODW (MAAx)<br><br>Judge:  Judge Otis D. Wright, II - Courtroom 5D<br><br>**DEFENDANTS CITY OF LOS ANGELES, OFFICER DUSTIN RICHMOND AND OFFICER JOSEPH HUNT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR NEW TRIAL AND/OR MOTION TO ALTER OR AMEND THE JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>_**Hearing**_<br>**Date: January 8, 2024**<br>**Time: 1:30 p.m.**<br>**Courtroom: "5D"** |

TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

Defendants CITY OF LOS ANGELES, OFFICER DUSTIN RICHMOND and OFFICER JOSEPH HUNT ("Defendants") hereby submit the following Reply

1  to Plaintiff's Opposition to Defendants' Motion for New Trial and/or Motion to

2  Alter or Amend the Judgment.

3      In compliance with this Court's rules, this Reply is less than 3,300 words, and

4  contains <u>3,172</u> words.

5

6  DATED:  December 22, 2023      HURRELL CANTRALL LLP

7

8

9                By:    <u>   */s/ Melinda Cantrall*   </u>

10                     THOMAS C. HURRELL
                       MELINDA CANTRALL
11                     DIANE MARTINEZ
                       Attorneys for Defendants, CITY OF LOS
12                     ANGELES, OFFICER DUSTIN
                       RICHMOND AND OFFICER JOSEPH
13                     HUNT

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

**TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES.................................................. 1

I.      INTRODUCTION............................................................................................ 1

II.     PLAINTIFF'S OPPOSITION FAILS TO REFUTE THE PREJUDICIAL JUDICIAL MISCONDUCT BY THE COURT. .................... 1

        A.      PLAINTIFF FAILS TO EVEN ADDRESS *RIVAS V. BRATTESANI*, WHICH SHOWS WHY A NEW TRIAL MUST BE GRANTED. ....................................................................... 3

        B.      PLAINTIFF FAILS TO DISTINGUISH *MAHEU V. HUGHES TOOL COMPANY*, WHICH IS CONTROLLING NINTH CIRCUIT CASE LAW MANDATING A NEW TRIAL....................... 3

        C.      PLAINTIFF'S OPPOSITION FAILS TO SQUARELY ADDRESS  THE INCIDENTS RAISED BY DEFENDANTS WHICH DEPRIVED THEM OF A FAIR TRIAL. ............................. 4

        D.      THE PLAINTIFF DOES NOT REFUTE THE FACT THAT THE COURT IMPROPERLY INTERPRETED THE EVIDENCE BEFORE THE JURY, IN A MANNER WHICH CONFLICTED WITH THE DEFENDANTS' TESTIMONY ............... 7

III.    THE STANDARD TO DETERMINE IF JUDICIAL MISCONDUCT REQUIRES A NEW TRIAL IS IF THERE WAS *AN APPEARANCE OF PARTIALITY*. ........................................................................................... 8

        A.      THE COURT'S GENERAL INSTRUCTION COULD NOT CURE THE APPEARANCE OF PARTIALITY. .................................. 9

IV.     PLAINTIFF'S CLAIMS OF WAIVER HAVE NO MERIT ........................... 9

V.      THE DAMAGES ARE PLAINLY EXCESSIVE........................................... 10

VI.     DEFENDANTS' FEDERAL RULES OF CIVIL PROCEDURE 59(E) MOTION SHOULD BE GRANTED. ........................................................... 10

VII.    CONCLUSION. ............................................................................................ 10

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

i

# TABLE OF AUTHORITIES

**Page**

## CASES

*Duckett v. Godinez,* 67 F.3d 734 (9th Cir. 1995) ................................................ 2

*Handgards, Inc. v. Ethicon, Inc.,* 743 F.2d 1282 (9th Cir. 1984) ....................... 8

*Kennedy v. Los Angeles Police Dept.*, 901 F.2d 702 (9th Cir. 1989) ............. 1, 5

*Lang v. Callahan*, 788 F.2d 1416 (9th Cir. 1986) ............................................... 7

*Maheu v. Hughes Tool Co.,* 569 F.2d 459 (9th Cir. 1977) ............................ 3, 7, 9

*Pollard v. Fennell,* 400 F.2d 421 (4th Cir. 1968) ................................................. 1

*Rivas v. Brattesani*, 94 F.3d 802 (2d Cir. 1996) ............................................. 3, 9

*Rogers v. United States*, 609 F.2d 1315 (9th Cir. 1979) ..................................... 8

*Shad v. Dean Witter Reynolds, Inc.,* 799 F.2d 525 (9th Cir. 1986) .................... 8

*Sit-Set, A.G. v. Universal Jet Exch., Inc.*, 747 F.2d 921 (4th Cir. 1984) ......... 7, 9

*U.S. v. Harris,* 501 F.2d 1 (9th Cir. 1974) ........................................................... 6

*U.S. v. McDonald*, 576 F.2d 1350 (9th Cir. 1978) .............................................. 6

*U.S. v. Mostella*, 802 F.2d 358 (9th Cir. 1986) ................................................... 2

*U.S. v. Sorce*, 308 F.2d 299 (4th Cir. 1962) ....................................................... 1

*U.S. v. Spawr Optical Research, Inc.*, 685 F.2d 1076 (9th Cir. 1982) ............... 8

*U.S. v. Stover*, 329 F.3d 859 (D.C. Cir. 2003) .................................................... 2

*United States v. Ball*, 711 F. App'x 838 (9th Cir. 2017) .................................... 10

*United States v. Carrion*, 463 F.2d 704 (9th Cir. 1972) ..................................... 8

*United States v. Mostella,* 802 F.2d 358 (9th Cir. 1986) .................................... 8

*United States v. Nazzaro,* 472 F.2d 300 (2d Cir. 1973) ...................................... 9

*United States v. Serrano*, 234 F. App'x 685 (9th Cir. 2007) ............................. 10

*Vermont Food Indus., Inc. v. Ralston Purina Co.*, 514 F.2d 456 (2d Cir. 1975) ........ 7

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

ii

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION.**

Respectfully, a new trial must be granted based upon judicial misconduct. Plaintiff's Opposition fails to squarely address the incidents raised by Defendants which warrant a new trial. The standard to determine whether judicial misconduct was prejudicial and warrants a new trial is whether the Court's conduct left an abiding impression of an appearance of advocacy or partiality as perceived by the jury.  Certainly, that standard was met in this case.

**II.   PLAINTIFF'S OPPOSITION FAILS TO REFUTE THE PREJUDICIAL JUDICIAL MISCONDUCT BY THE COURT.**

In her opposition, Plaintiff cites a number of cases which merely stand for the proposition that the nonpartisan questioning of a witness, without more, does not require reversal.  For example, Plaintiff cites to *Kennedy v. Los Angeles Police Dept.*, 901 F.2d 702 (9th Cir. 1989), where the Ninth Circuit stated a district judge has the right to examine witnesses and call the jury's attention to important evidence.  *Id.* at 709; see also *U.S. v. Sorce*, 308 F.2d 299, 302 (4th Cir. 1962) (the judge did not abuse his discretion in asking questions designed solely to clarify the facts for the jury).  However, in *Kennedy,* the Ninth Circuit emphasized that attached to this right is an important qualification - the judge must be ever mindful of the sensitive role it plays in a jury trial and avoid even the appearance of advocacy or partiality.  *Id.*  A trial court will be reversed for excessive judicial intervention if the record discloses actual bias or *leaves the reviewing court with an abiding impression that the judge's remarks and questioning of witnesses projected to the jury an appearance of advocacy or partiality*.  *Id.*  In reaching its decision, the Ninth Circuit cited to *Pollard v. Fennell,* 400 F.2d 421, 422 (4th Cir. 1968), where reversal was required because of the judge's improper and unwarranted participation in trial.  A federal judge, in questioning a witness, is not to "impose upon the jury

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE   (213) 426-2000

1

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

1  what the judge seems to think about the evidence." *Id.* at 424.  A judge's

2  questioning of a witness should not supply the jury with evidence or testimony

3  regarding the incident.  *Id.*

4      In this case, as outlined in Defendants' motion, the Court repeatedly made

5  negative comments in questioning Defendants and defense witnesses in front of the

6  jury, which ineluctably had an influence on the jury.  Moreover, based upon the

7  partial video of the incident, which did not show the lower half of the Decedent, the

8  Court assumed the role of a witness, and improperly asked questions and made

9  comments which contradicted the Defendants' testimony that the Decedent was

10  kicking at them and was combative.  Ex. B, 188:8-21, 231:17-232:15.

11      Plaintiff further cites *Duckett v. Godinez,* 67 F.3d 734, 740 (9th Cir. 1995),

12  where the Ninth Circuit found the trial court expressed clear frustration and hostility

13  toward Mr. Duckett when it repeatedly directed him to "answer my question" and

14  made inappropriate comments.  *Id.*  The Ninth Circuit stated: "if a judge in federal

15  court behaved in this manner we might be inclined to exercise our supervisory

16  powers on direct appeal and remand for a new trial."  *Id.* at 741.  The Court

17  contrasted *U.S. v. Mostella*, 802 F.2d 358, 362 (9th Cir. 1986), further cited to by

18  Plaintiff, in which the Ninth Circuit noted the district court's questions, while

19  extensive, were *nonpartisan,* and did not give the appearance that the court believed

20  the government's expert and disbelieved the defendant.  However, in this case,

21  certainly, the Court's questions gave the appearance that the Court did not believe

22  Defendants' expert, witnesses or Defendants.

23      In addition, Plaintiff cites to *U.S. v. Stover*, 329 F.3d 859, 868 (D.C. Cir.

24  2003), where the Court stated that questions from the bench indicating the judge's

25  disbelief of a witness are improper.  However, in *Stover*, the Court of Appeals found

26  the error worked to the advantage of the appellant.  *Id.*

27      In this case, Defendants' claims of judicial misconduct are not based on a

28

1   contention of error simply because a court asks questions to witnesses to further the
2   efficient presentation of evidence.  Plaintiff has failed to cite any authority that finds
3   there was no judicial misconduct under similar circumstances as in this matter,
4   where the record shows a courtroom climate unfair to the Defendants.

5       A.   **PLAINTIFF FAILS TO EVEN ADDRESS *RIVAS V.***
6            ***BRATTESANI,* WHICH SHOWS WHY A NEW TRIAL MUST**
7            **BE GRANTED.**

8        Notably, Plaintiff fails to address *Rivas v. Brattesani*, 94 F.3d 802, 803 (2d
9   Cir. 1996), a civil 42 U.S.C. § 1983 action against two officers for excessive force.
10  The Court found the district court denied the officers a fair trial as comments by the
11  court, made before the jury, "may have given the jury the impression that the court
12  had formed a distinctly negative opinion of defendants, their counsel, and their
13  evidence, impairing the fairness of the trial in a way that no jury instruction could
14  cure." *Id.* at 807-808.  While a trial court may certainly ask questions of a witness,
15  *those questions may not convey the court's view about the merits of a party's claim.*
16  *Id.* at 807.  The judge cannot create an impression in the juror's minds that he is
17  hostile to one party's position.  *Id.*  As here, the district court's comments conveyed
18  to the jury the impression that it held an unfavorable opinion of the defendants and
19  their expert, and doubted the defendant's credibility.  *Id.*

20      B.   **PLAINTIFF FAILS TO DISTINGUISH *MAHEU V. HUGHES***
21            ***TOOL COMPANY,* WHICH IS CONTROLLING NINTH**
22            **CIRCUIT CASE LAW MANDATING A NEW TRIAL.**

23       In *Maheu v. Hughes Tool Co.,* 569 F.2d 459 (9th Cir. 1977), the trial court
24  listed positive and negative attributes of the plaintiff.  On appeal, the Ninth Circuit
25  stated a trial judge has great influence on the jury, and "his lightest word or
26  intimation is received with deference, and may prove controlling." *Id.*  His
27  expressions on the opinion of the evidence *"should not be one-sided." Id.*

28

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

3

1  (emphasis added).  As in this case, the version of the incident by the defense

2  differed from the plaintiff's version of the incident.  *Id.*  The Ninth Circuit stated it

3  was "at a loss" as to why the judge made the comments regarding the credibility of

4  the plaintiff, which seriously impaired appellant's right to a fair and impartial trial.

5  *Id.*  The Ninth Circuit found reversible error.  *Id.* at 471.  Of note, the judge

6  specifically advised the jury that it was not bound by his comments on the evidence

7  and credibility and may completely disregard them.  *Id.* at 470.   However, the Ninth

8  Circuit found the judge's instruction to the jury was not sufficient to cure the error—

9  the impact of the comment was not so easily mitigated.  *Id.*

10      Respectfully, the comments during the trial of this matter were far more

11  prejudicial than the comments found to require reversal in *Maheu,* and were also

12  one-sided.  Indeed, Plaintiff does not point to any similar statements by the Court to

13  Plaintiff or her witnesses.  The Defendants' version of the incident differed from the

14  Plaintiff's version of the incident regarding whether the Decedent was kicking and

15  combative.  Indeed, the Plaintiff concedes "*the credibility of the officers was at*

16  *issue.*"  Plt's Opp., p. 8 (emphasis added).  The incidents outlined in Defendants'

17  motion gave an appearance of partiality and deprived Defendants of a fair trial.

18  **C.    PLAINTIFF'S OPPOSITION FAILS TO SQUARELY ADDRESS**

19  **THE INCIDENTS RAISED BY DEFENDANTS WHICH**

20  **DEPRIVED THEM OF A FAIR TRIAL.**

21      Plaintiff fails to address the Court's erroneous statements to Defendants'

22  police practices expert Edward Flosi, including: (1) "You're so in the bag. Why am I

23  bothering?"; (2) that Mr. Flosi was reviewing a case which was "spiraling out of

24  control"; (3) "And I'm wondering, How did you get into this situation? Or do you

25  consider yourself -- *do you really consider yourself that closely aligned with law*

26  *enforcement now that you can no longer be objective?*"; and (4) the Court's

27  representations to Mr. Flosi regarding the facts of the incident, notwithstanding that

28

4

1  the Court's statements conflicted with the officers' testimony, and there is only a

2  partial video of the incident.  Ex. D, 596:15-597:21 (emphasis added).  *Plainly, the*

3  *Court was virtually telling the jury that an objective expert could not find the*

4  *Defendants' use of force was reasonable, which was the essential and ultimate issue*

5  *of the case.*  Plaintiff cites no authority to show a new trial is not warranted.

6        Instead, Plaintiff states "the Court's *questioning of Mr. Flosi's impartiality*

7  does not reflect that the Court was impartial."  Plt's Opp., p. 5 (emphasis added).

8  Plaintiff argues the jury could have found Mr. Flosi was not credible on its own.

9  Plaintiff's argument misses the mark – the standard to determine whether a new trial

10  must be granted is whether there was an appearance of partiality by the judge.

11  *Kennedy,* 901 F.2d at 709.  The Court's questioning and statements during Mr.

12  Flosi's testimony certainly gave an appearance of partiality, and a new trial must be

13  granted.

14        Plaintiff states the Court appropriately advised Mr. Flosi that he must answer

15  a question based on the "*best evidence* in this case – what is seen in the video."

16  Plt's Opp. 5 (emphasis added).  Plaintiff's argument enforces the need for a new

17  trial in this case.  Videos often do not capture the entire picture and all viewpoints of

18  an incident, *particularly in this case where the Decedent's lower body was not*

19  *depicted in the video.*  Plaintiff's argument completely ignores the testimony by

20  Officers Richmond and Hunt that Plaintiff was combative and kicking.  Ex. B,

21  188:8-21, 231:17-232:15.  Plaintiff's contention that such evidence was

22  "misleading" (Plt's Opp., p. 10), was obviously an issue for the jury to resolve.

23  While the Plaintiff maintains there is no reason to believe the jury would have

24  interpreted the video differently but for the Court's "clarification" of the events, and

25  that the jury may have questioned Mr. Flosi's credibility in the absence of the

26  Court's statements and questions, this is not the standard to determine if judicial

27  misconduct warrants a new trial.  The standard is whether the conduct by the district

28

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

5

1    court gave an appearance of partiality, and the standard for a new trial has plainly

2    been satisfied in this case.

3         Plaintiff further fails to address the Court's statements before the jury directed

4    toward Officer Hunt, including that: (1) Officer Hunt's testimony conflicted with the

5    partial video of the incident; (2) he was in the wrong line of work; and (3) that his

6    testimony was something "convenient" he came up with for trial.  Ex. B, 245:23-

7    247:16.  Plaintiff fails to address the fact that such statements were prejudicial

8    misconduct under *United States v. Pena-Garcia*, 505 F.2d 964, 965 (9th Cir. 1974),

9    where the trial judge stated during the testimony of a defense witness that he did not

10   care for witnesses "telling the untruth under oath."  *Id.* at 966-67.

11        Moreover, Plaintiff fails to address the Court's comments to LAPD Officer

12   Cuba that: (1) his testimony was pathetic; (2) "Get out of here. Go"; and (3) "I said

13   what were you guys doing? You don't have to give up any names."  Ex. C, 486:1-25.

14   Again, clearly, Plaintiff has no authority to refute the fact that the foregoing

15   statements by the Court were highly prejudicial and warrant a new trial.  Of note,

16   Plaintiff states Officer Cuba's testimony "contradicted the video," which was only a

17   partial video, and that the Court's questions to Officer Cuba were appropriate to

18   "*ensure that the evidence was not mischaracterized*."  Plt's Opp., p. 9 (emphasis

19   added).  A Court cannot properly contradict a witness's testimony regarding an

20   incident to ensure that the evidence is not "mischaracterized" – *the witness's*

21   *testimony is the evidence.*  A trial court cannot contradict or attempt to change a

22   witness's testimony to make it conform to another party's version of the incident.

23        The Plaintiff cites to the Ninth Circuit's decision in *U.S. v. McDonald*, 576

24   F.2d 1350, 1358 (9th Cir. 1978), which does not support her argument.  In fact, in

25   *McDonald,* the Court stated that "a judge must be aware of his sensitive judicial

26   position and be on guard to avoid even the appearance of advocacy or partiality."

27   *Id.*  The Court distinguished *U.S. v. Harris,* 501 F.2d 1, 11 (9th Cir. 1974), where

28

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

6

the Ninth Circuit found the judge's participation in examining the witnesses, and

restraints imposed during cross-examination, could have influenced the jury, and

"more critical, the court's conduct could have also created the erroneous impression

that the court itself was not performing its impartial role." *Id.* at 11.

### D. THE PLAINTIFF DOES NOT REFUTE THE FACT THAT THE COURT IMPROPERLY INTERPRETED THE EVIDENCE BEFORE THE JURY, IN A MANNER WHICH CONFLICTED WITH THE DEFENDANTS' TESTIMONY.

In her opposition, Plaintiff does not dispute the fact the video of the incident

was only a partial video and did not depict the bottom half of the Decedent.[1]

Moreover, the Defendants specifically testified that Plaintiff was combative and

kicking at them. Ex. B, 188:8-21, 231:17-232:15. Nevertheless, the Court

repeatedly advised the jury there was no evidence that the Decedent was kicking or

combative. Ex. B, 337:12-22; 246:3-8; Ex. D, 577:6-16, 597:4-21. It was judicial

misconduct for the Court to add to and interpret the evidence in this fashion, rather

than let the jury decide this matter on its own. *Maheu,* 569 F.2d at 471; *Sit-Set, A.G.*

*v. Universal Jet Exch., Inc*., 747 F.2d 921, 925 (4th Cir. 1984) (the trial judge cannot

interfere in the jury's fact-finding function). Moreover, the Court challenged Mr.

Flosi's opinions as being inconsistent with the Court's interpretation of the

evidence, despite the contrary testimony by the actual Defendant Officers present at

the scene. Ex. D, 577:6-16, 597:7-10.

Furthermore, the Court precluded defense counsel from asking Plaintiff's

expert a question by assuming Plaintiff was combative. This was improper.

*Vermont Food Indus., Inc. v. Ralston Purina Co.*, 514 F.2d 456, 463 (2d Cir. 1975)

---

[1] With regard to the Court's references to the video, Plaintiff's citation to *Lang v.
Callahan*, 788 F.2d 1416, 1418 (9th Cir. 1986), is misplaced; there, the judge's
comments, made at a sentencing hearing, and were being reviewed for racial bias.

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

(in asking a hypothetical question, the examiner may seek the witness's opinion on "any combination of facts within the tendency of the evidence").  The hypothetical was based on officers' testimony regarding the facts of the case.

Moreover, the court advised the jury the Defendants tried to break the Decedent's "*freakin' arm*," which also prejudicial misconduct.  Ex. B, 338:7-10 (emphasis added).  Respectfully, Defendants were deprived of a fair trial.

## III.    THE STANDARD TO DETERMINE IF JUDICIAL MISCONDUCT REQUIRES A NEW TRIAL IS IF THERE WAS *AN APPEARANCE OF PARTIALITY.*

In her Opposition, Plaintiff discusses the weight of the evidence and states that Defendants were not "actually prejudiced" by the misconduct.[2]  Plaintiff's lengthy argument that the evidence supported her case, despite the testimony and evidence by the Defendants, is completely misplaced, as this is not the proper standard to determine whether a new trial is required based on judicial misconduct.  As repeatedly stated by Defendants, and also as stated in the cases cited by Plaintiff, *Shad v. Dean Witter Reynolds, Inc.,* 799 F.2d 525, 531 (9th Cir. 1986) and *United States v. Mostella,* 802 F.2d 358, 361 (9th Cir. 1986), the proper standard is whether the record discloses actual bias on the part of the trial judge or leaves the reviewing court with an abiding impression that the judge's remarks and questioning of witnesses projected to the jury an appearance of advocacy or partiality.  *Accord Rogers v. United States*, 609 F.2d 1315, 1318 (9th Cir. 1979) (no prejudice if judge avoids any appearance of partiality or hostility toward one side); *Handgards, Inc. v. Ethicon, Inc.,* 743 F.2d 1282, 1289 (9th Cir. 1984) (the standard for reversal is whether the trial was unfair).  In *United States v. Carrion*, 463 F.2d 704, 709 (9th Cir. 1972), cited by Plaintiff, the Court found the standard was not met as the

---

[2] Plaintiff cites to *U.S. v. Spawr Optical Research, Inc.*, 685 F.2d 1076, 1082 (9th Cir. 1982), which addresses prosecutorial misconduct and not judicial misconduct.

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

8

1  judge's comments were directed toward counsel, and he belittled both sides.[3]

2  **A.   THE COURT'S GENERAL INSTRUCTION COULD NOT CURE**

3  **THE APPEARANCE OF PARTIALITY.**

4  The Court's general instruction at the start of trial to refrain from reading into

5  anything the Court has done, could not overcome the appearance of advocacy or

6  partiality in this case. *Sit-Set, A.G. v. Universal Jet Exch., Inc.*, 747 F.2d 921, 926

7  (4th Cir. 1984) (boilerplate final instruction to the jury that it was the sole judge of

8  the facts and that it should find the facts on the evidence and not on what counsel or

9  the judge might have said, could not remove the impression of judicial partiality).

10  Rather, a mitigating instruction clearly could not erase the damage to Defendants'

11  case that was already done before the jury, as likewise found by the Courts in *Rivas*,

12  94 F.3d at 803 and *Maheu*, 569 F.2d at 471.

13  Curiously, Plaintiff cites to *United States v. Nazzaro*, 472 F.2d 300, 312-13

14  (2d Cir. 1973), to support her argument that a new trial is unnecessary due to the

15  limiting instruction. However, in *Nazarro*, the Court specifically stated such

16  admonitions may offset only brief or minor departures from strict judicial

17  impartiality. *Id.* In *Nazarro*, the Court found that even a specific instruction could

18  not have cured the error. *Id.* Rather, the only remedy was for a new trial. *Id.*

19  **IV.   PLAINTIFF'S CLAIMS OF WAIVER HAVE NO MERIT.**

20  There is no merit to Plaintiff's claim of waiver. Indeed, Defendants made a

21  motion for mistrial after the testimony of Mr. Flosi, maintaining the Court's

22  questioning was improper, and preserving the claims of judicial misconduct. Ex. D,

23  603:17-604:13. Also, in applying a plain error standard, the reviewing court

24  determines whether it was left the judge's remarks and questioning of witnesses

25  projected to the jury an appearance of advocacy or partiality, in any event. *United*

26  _____

27  [3] Even under Plaintiff's incorrect standard, Defendants respectfully submit the Court's statements impacted the jury's liability and damages findings.

28

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

1  *States v. Ball*, 711 F. App'x 838, 843 (9th Cir. 2017); *United States v. Serrano*, 234

2  F. App'x 685, 686 (9th Cir. 2007).  Here, the Court's conduct left an appearance of

3  advocacy and partiality in favor of Plaintiff.  A new trial is required.

4  **V.    THE DAMAGES ARE PLAINLY EXCESSIVE.**

5       While Plaintiff argues that a party's testimony alone can substantiate

6  damages, the Plaintiff's testimony did not support an award of $1,500,000.  In

7  addition, the entire damages award is excessive, and was inflated by the irregular

8  proceedings set forth above.  Defendants object to and oppose Plaintiff's hearsay

9  statements based on Exhibits 5-10, as there is no showing the documents have any

10 bearing on this case.  Plaintiff has merely attached verdict forms from unrelated

11 cases to counsel's declaration, with no factual information presented.

12 **VI.   DEFENDANTS' FEDERAL RULES OF CIVIL PROCEDURE 59(E)**

13 **MOTION SHOULD BE GRANTED.**

14      In contrast to Plaintiff's arguments, Defendants submitted their Rule 59(e)

15 motion should be granted based upon a miscarriage of justice, based upon the same

16 reasons of judicial misconduct and excessive damages, as their motion for new trial.

17 **VII.  CONCLUSION.**

18      For the foregoing reasons, a new trial should be granted.

19
20 DATED:  December 22, 2023          HURRELL CANTRALL LLP

21                                    By:    */s/ Melinda Cantrall*
22                                    _____
22                                          THOMAS C. HURRELL
23                                          MELINDA CANTRALL
23                                          DIANE MARTINEZ
24                                          Attorneys for Defendants, CITY OF LOS
25                                          ANGELES, OFFICER DUSTIN
26                                          RICHMOND AND OFFICER JOSEPH
26                                          HUNT
27
28

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

**CERTIFICATE OF COMPLIANCE**

The undersigned certifies that the Memorandum of Points and Authorities contains 3,172 words, which complies with this Court's word limitations.

DATED:  December 22, 2023          HURRELL CANTRALL LLP

By:   _____/s/ Melinda Cantrall_____
      THOMAS C. HURRELL
      MELINDA CANTRALL
      DIANE MARTINEZ
      Attorneys for Defendants, CITY OF LOS
      ANGELES, OFFICER DUSTIN
      RICHMOND AND OFFICER JOSEPH
      HUNT